THE NATIONAL MECHANICS' BANKING ASSOCIATION, Appellant, *v.* JOSEPH C. CONKLING et al., Respondents.

The liability of a surety is always *strictissimi juris*, and may not be extended by construction beyond his specific engagement.

On the appointment by plaintiff of defendant C. as its book-keeper, he executed to it a bond with sureties, which after reciting such appointment and the acceptance thereof by C., was conditioned that he should faithfully perform the duties and trusts imposed upon him as such bookkeeper, and " the duties of any other office, trust, or employment relating to the business of said association which may be assigned to him, or which he shall undertake to perform." After service for several years as book-keeper, C. was appointed plaintiff's receiving teller, and while acting in that capacity embezzled $2,700 of the funds of the bank.

In an action on the bond *held* that the sureties were not liable; that the recital controlled the condition, and the sureties undertook only for the fidelity of their principal while he was book-keeper, both in the performance of the duties of that office, and of any other office, trust, or employment temporarily imposed upon or assumed by him during that time relating to plaintiff's business.

(Argued June 30, 1882 ; decided October 10, 1882.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, made May 10, 1881, which reversed a judgment in favor of plaintiff, entered upon a verdict.    (Reported below, 24 Hun, 496.)

This action was upon a bond executed by the defendants, the material portion of which is set forth in the opinion, wherein also are stated the material facts.

*Eugene H. Pomeroy* for appellant.    A contract for suretyship is governed by the same rule of construction as other contracts.    (*Christ* v. *Burlingame*, 62 Barb. 351; *Hernandez* v. *Stillwell*, 7 Daly, 362; *Rochester City Bank* v. *Elwood*, 21 N. Y. 90.)    The agreement is not to be construed most favorably for the guarantor, nor most strongly against him. (*Christ* v. *Burlingame*, *supra ;* *Hernandez* v. *Stillwell*, *supra ; Hall* v. *Rand*, 8 Conn. 560.)    In construing a contract meaning should be given to all parts of it.    (2 Pars. on Cont. 15 ; *Richards* v. *Warring*, 39 Barb. 42.)    It cannot be contended that a change of contract, alteration of employment, position and duties cannot be provided for. ( *Water Commissioners of Detroit* v. *Burr*, 2 Sweeney, 25.)    The bond was to cover all successive promotions of Conkling, and to secure the bank during his entire employment by it in whatever office, trust or employment to which he might be assigned.    (*Rochester City Bank* v. *Elwood*, 21 N. Y. 90.)    The words " other office, trust or employment," do not refer to occasional " employments of Conkling while book-keeper in such " other office, trust or employment.    (Broom's Leg. Max. 000 ; *Christ* v. *Burlingame*, *supra ;* *Auburn City Bank* v. *Leonard*, 40

Barb. 119.). Evidence *dehors* the instrument for the purpose of explaining it according to the surmised or alleged intention of the parties to it is utterly inadmissible. (*Collender* v. *Dinsmore*, 55 N. Y. 208; *Bradley* v. *Wheeler*, 44 id. 495; *Wheeler* v. *Newbould*, 16 id. 392; *Walls* v. *Bailey*, 49 id. 464; *Averill* v. *Taylor*, 8 id. 44.) Nor was the testimony admissible to explain the intention of the parties. (*Pohalaski* v. *Mutual Life Ins. Co.*, 45 How. Pr. 507; *Long* v. *N. Y. C. R. R. Co.*, 50 N. Y. 76; *Belger* v. *Dinsmore*, 51 id. 166; *Morton* v. *Coons*, 2 Seld. 23; *Barry* v. *Ramson*, 2 Kern. 462.)

*John H. Bergen* for respondents. The condition of the bond must be held to relate to the principal's duties while holding the office or appointment of book-keeper. (*The Davis Sewing Machine Co.* v. *Lawrence*, 3 T. & C. 386.) Surety obligations are to be construed *strictissimi juris*, and cannot be extended by construction. The courts allow every favorable rule of interpretation for the protection of sureties. (*Tradesmen's B'k* v. *Woodward*, Anthon's N. P. 300; *McClusky* v. *Cromwell*, 11 N. Y. 593; *Walsh* v. *Bailee*, 10 Johns. 181; *Ward* v. *Stahl et al.*, 81 N. Y. 406; *Miller* v. *Stewart*, 9 Wheat. 681; *Lord Arlington* v. *Merrick*, 2 Saund. 412; *Pearsall* v. *Summersett*, 4 Taunt. 593.) The words of the condition must be construed with reference to the appointment mentioned in the recital. (*Lord Arlington* v. *Merrick*, 2 Saund. 414; *Corp. of London Assn., etc.,* v. *Bold*, 6 Ad. & Ell. [N. S.] 514; *Bennehan* v. *Webb*, 6 Ired. 57; *Liverpool Water-works* v. *Atkinson*, 6 East, 510; *Pearsall* v. *Summersett*, 4 Taunt. 593; *Barker* v. *Packer*, 1 Term R. 295; *Hassall* v. *Long*, 2 M. & S. 363; *Warden of St. Saviour's* v. *Bostock*, 5 B. & P. 175; *Bigelow* v. *Bridge*, 8 Mass. 275; 1 Theob. on Sureties [66 Law Lib.], 43; *Peppin* v. *Cooper*, 2 B. & A. 431; *U. S.* v. *Kirkpatrick*, 9 Wheat. 720; *Miller* v. *Stewart*, 9 id. 689; Hurlston on Bonds, 33, 111; DeColyar on Guaranties, 213, 254; *Tradesmen's B'k* v. *Woodward et al.*, Anthon's N. P. 300; *Ludlow et al.,* v. *Simond*, 2 Caine's Cas. 1; Pitman on Prin. and Sur. [24 Law Lib. 37] 43; 2 Pars. on Cont.

[6th ed.], § 17; *Paylor* v. *Hamersham*, 4 Maule. & Selw. 423; *Belair* v. *Ellworth*, 3 Camp. 53.) Reappointment on different terms is a revocation of the first appointment. (DeColyar on Guaranties, 254; Brant on Suretyship, 199; Morse on Banks and Banking, 220, 221; *Anderson* v. *Thornton*, 3 Q. B. 271.) When the office or duty is altered by the addition of new duties, the surety is discharged. (DeColyar on Guaranties, 274; *U. S.* v. *Hilyas*, 3 Wash. C. C. 70; *Ravel* v. *Tillotson*, 1 Paine's C. C. 305 ; *Postmaster-General* v. *Reeder*, 4 Wash. C. C. 678; *Miller* v. *Stewart*, 9 Wheat. 680; *Boston Hat Man. Co.* v. *Messinger*, 19 Mass. 223; *Hybus* v. *Gibbs*, 38 Eng. L. & Eq. 57.) The liability of the surety is destroyed by an alteration in the mode of payment as well as by an alteration in the duties of the office. (DeColyar on Guaranties, 276; *London & North-western Railway Co.* v. *Whinray*, 10 Exch. 77; *Ludlow* v. *Simond*, 2 Caine's Cas. 1; *Lanuse* v. *Barker*, 10 Johns. 312 ; *Myers* v. *Edge*, 7 Term R. 254; *U. S.* v. *Bocker*, 21 Wall. 657; Grant's Law of Banking, 241, 284 ; *Penoyer* v. *Watson*, 10 Johns. 99.)

EARL, J. In September, 1863, the plaintiff employed the defendant Joseph C. Conkling as a book-keeper in its bank, at a salary of $400. At the time of his employment, and to secure his fidelity, a bond in the penalty of $10,000 was executed to the plaintiff, which contained the following recitals and conditions :

"Whereas, the above-named, the Mechanics' Banking Association, have appointed the above-named Joseph C. Conkling to the office of a book-keeper of the said association, and the said Joseph C. Conkling hath accepted the same and consented to perform the duties thereof, now the condition of this obligation is such that if the above-named Joseph C. Conkling shall faithfully fulfill and discharge the duties committed to and the trusts reposed in him as such book-keeper and shall also faithfully fulfill and discharge the duties of any other office, trust or employment relating to the business of the said association which may be assigned to him, or which he shall under-

take to perform, and shall also, without neglect or delay, inform the president and cashier of the said association of any embezzlement of the money, property or goods belonging to, and of any fraud whatever committed upon, the said association, of any false entry, error, mistake or difference of accounts in the books thereof which he may discover, or which shall come to his knowledge as such book-keeper as aforesaid, or whilst engaged in any other office, duty or employment relative to the business thereof, and which he may discover, or which shall come to his knowledge, in any matter or thing whatever appertaining thereto ; and shall also faithfully keep all the secrets of the said association; then the above obligation to be void, otherwise to remain in full force and virtue."

The salary of Joseph as book-keeper was subsequently increased and he continued to be book-keeper until 1870. In that year he was appointed the receiving teller of the bank at an increased salary, and he continued to be and to act as such teller until October 10, 1879, when he resigned. After his resignation it was discovered that while acting as teller he had embezzled $2,700 of the funds of the bank. This action was brought against all the obligors upon the bond to recover the amount thus embezzled. The respondents are the sureties upon the bond and they alone defended.

There was no breach of the condition of the bond while Joseph held the employment of book-keeper, and the question to be determined is whether, according to the conditions of the bond, the sureties are liable for the embezzlement committed by their principal while acting as teller. We have come to the conclusion, not without some hesitation and doubt, that they are not.

The recital in the condition of the bond shows that Joseph had been appointed to the office of book-keeper; that he had accepted that office and consented to perform the duties thereof. That was the office brought to the attention of the sureties and which they had in mind when they executed the bond. The recital in such bonds, undertaking to express the precise intent of the parties, controls the condition or obliga-

tion which follows, and does not allow it any' operation more extensive than the recital which is its key, and so it has been held in many cases. In *London Assurance Co.* v. *Bold* (6 Ad. & El. [N. S.] 514), WIGHTMAN, J., said: "In truth the recital is the proper key to the meaning of the condition." In *Hassell* v. *Long* (2 M. & S. 363), ELLENBOROUGH, Ch. J., said that the words of the recital of a bond afforded the best ground for gathering the meaning of the parties. In *Pearsall* v. *Summersett* (4 Taunt. 593), it was held, as expressed in the headnote, that "the extent of the condition of an indemnity bond may be restrained by the recitals, though the words of the condition import a larger liability than the recitals contemplate." (See, also, *Peppin* v. *Cooper*, 2 B. & A. 431; *Barker* v. *Parker*, 1 T. R. 287; *Liverpool Water-works Co.* v. *Atkinson*, 6 East, 507; *The Tradesmen's Bank* v. *Woodward*, Anthon's N. P. [2d ed.] 300.)

Here the sureties undertook for the fidelity of their principal only while he was book-keeper; but if while book-keeper the duties of any other office, trust or employment relating to the business of the bank were assigned to him, their obligation was also to extend to the discharge of those duties. While book-keeper he might temporarily act as teller or discharge the duties of any other officer during his temporary illness or absence, or he might discharge any other special duty assigned to him, and while he was thus engaged the bank was to have the protection of the bond. There are no words binding the sureties in case of the appointment of their principal to any other office. They might have been willing to be bound for him while he was book-keeper or temporarily assigned to the discharge of other duties, but yet not willing to be bound if he should be appointed teller or cashier, and as such placed in the possession or control of all the funds of the bank. This is a case where the general words subsequently used must be controlled and limited by the recital. A surety is never to be implicated beyond his specific engagement, and his liability is always *strictissimi juris* and must not be extended by construction. His contract must be construed by the same rules which

are used in the construction of other contracts. The extent of his obligation must be determined from the language used, read in the light of the circumstances surrounding the transaction. But when the intention of the parties has thus been ascertained, then the courts carefully guard the rights of the surety and protect him against a liability not strictly within the precise terms of his contract. (*Ludlow* v. *Simond*, 2 Caines' Cases, 1; *Crist* v. *Burlingame*, 62 Barb. 351; *McCluskey* v. *Cromwell*, 11 N. Y. 593; *Gates* v. *McKee*, 13 id. 232; *Rochester City Bank* v. *Elwood*, 21 id. 88; *Pybus* v. *Gibb*, 38 Eng. L. & Eq. 57.)

The order should be affirmed and judgment absolute entered against the plaintiff, with costs.

All concur.

Order affirmed and judgment accordingly.