JOSEPH CORNELL, Respondent, *against* JAMES A. EAGAN,
Administrator &c. of James A. Coleman, Deceased,
Appellant.

(Decided June 7th, 1886).

Upon the charter of a steamboat by plaintiff to K., defendant executed an
instrument in writing by which he bound himself to make good any loss
or damage caused to plaintiff by non-fulfillment of contract on the part
of K., and agreed to make good any deficiencies " in bills not paid on
said boat contract during said time by said K. or his agent or agents."
Subsequently, plaintiff and K. made a new agreement, by which K. as-
signed to plaintiff all the proceeds or receipts of the charter-party, and
the possession and control of the boat were given to an employé of
plaintiff, by whom the receipts were taken and expenditures made, and the
boat was run in disregard of the terms of the charter, without the knowl-
edge or consent of defendant. *Held,* that by the departure from the
terms of the charter, defendant was released from his liability as surety.

APPEAL from a judgment of this court entered upon the
report of a referee.

The action was brought against James H. Coleman upon
an instrument in writing, a copy of which is set forth in the

opinion. Defendant having died after the report of the referee was filed, the action was revived and continued against James A. Eagan, his administrator, who appealed from the judgment entered upon the report of the referee.

*E. H. Benn*, for appellant.

*Andrew H. H. Dawson*, for respondent.

PER CURIAM.—On the 26th of June, 1879, the plaintiff and Peter K. Kennedy entered into a contract, whereby the plaintiff hired and let to Kennedy the steamboat " Minnie Cornell," her tackle &c. from the 4th day of July, 1879, to the 4th day of October, 1879, to run in and around the harbor and port of New York, for the sum of $9,000.

On the same day the defendant Coleman executed an instrument in writing, as follows :

" I, James A. Coleman, of New York, for, and in consideration of one dollar, in hand to me paid this 26th day of June, 1879, do hereby agree to bind myself, and do bind myself, my heirs and assigns, to make good any loss or damage caused to Joseph Cornell of New York, owner of steamboat ' Minnie Cornell,' by non-fulfillment of contract on part of Peter W. Kennedy, on charter of steamboat ' Minnie Cornell ' from said Joseph Cornell, for ninety days from July 4th, 1879 ; and do hereby agree to make good any deficiencies on said charter, either in not keeping boat time she is chartered for, or in bills not paid on said boat contract during said term by said Kennedy, or his agent or agents.

" In witness whereof " &c.

In October, 1879, plaintiff brought this suit against Coleman, as surety for Kennedy, claiming to recover $1,940.54 for deficiencies in bills contracted by said Kennedy or his agents.

The defendant, in his answer, claimed to be discharged from suretyship, because of the alteration and departure by Kennedy and the plaintiff from the original contract of hiring, and because they made new and different arrange-

ments in regard to the possession and running of the "Minnie Cornell."

On the trial it was proved that in the latter part of August, 1879, the plaintiff and Kennedy made a new agreement, by which Kennedy assigned to plaintiff all the proceeds or receipts of the charter party contract, by which he, Kennedy, was entitled to control the "Minnie Cornell" until the 4th day of October, 1879, and they agreed that George M. Lewis, an employé of the plaintiff, might take possession of the "Minnie Cornell," and take all moneys that might be received on the said boat, or become due to her, for services she might render between that day and the 4th day of October, 1879; that, under this agreement, the plaintiff by Lewis had control of and ran the boat, took the receipts, hired and paid the captain and crew, and, in his discretion, expended and paid out moneys to supply the bar, and for other purposes; that, instead of running the boat in and about the harbor of New York, they ran her to Coney Island, and, on one occasion, up the Hudson River; and about the 20th of September the boat was abandoned by Lewis. What was done with her by the plaintiff, after that date, does not appear.

Of this change in the possession, control and management of the boat the surety Coleman had no knowledge, and he never consented thereto.

The defendant, in due time, requested the referee to find as a conclusion of law that the instrument executed by the defendant was varied and altered, and the identity thereof destroyed, by the assignment made by Kennedy to Lewis, on the procurement of the plaintiff, and without the knowledge or assent of the defendant, which he refused. We think this was error. Any alteration or departure by the parties from the terms of the contract for the performance of which one becomes a surety discharges the surety, whether the alteration was injurious or beneficial to the surety.

The liability of a surety is always *strictissimi juris*, and may not be extended by construction beyond his specific

engagement (*National Mech. Bank. Assoc.* v. *Conkling*, 90 N. Y. 116).

The courts will not stop to inquire whether the alteration is, or may be, prejudicial or beneficial to the surety. He is a sponsor for one contract, and no one has a right to make another for him (*Fellows* v. *Prentiss*, 3 Denio 521 ; see also *Ludlow* v. *Simond*, 2 Caines Cas. 1 ; *Ward* v. *Stahl*, 81 N. Y. 406 ; *Barnes* v. *Barrow*, 61 N. Y. 39).

In this case, the agreement was that Kennedy should have the " Minnie Cornell " from July 4th to October 4th, 1879, and run her in and around the harbor and port of New York ; and if, at the end of ninety days, there were any deficiencies " in bills on said boat, contracted on said boat during said time by Kennedy or his agent or agents," the surety was to make it good.

By the arrangement between plaintiff and Kennedy, without Coleman's knowledge or consent, the vessel, and all control of her, was given to another person. Neither Kennedy nor his agent or agents contracted the bills ; the running of the boat was not limited to the harbor and port of New York ; the boat was not used by any one from the 20th of September to the 4th of October ; the receipts and expenditures were made by the plaintiff or his agent or a third person with plaintiff's consent. All this was done without Coleman's knowledge or consent.

The new arrangement in regard to the " Minnie Cornell," and the acts done under it, clearly absolve Coleman from his contract of suretyship.

Having arrived at this conclusion, it is unnecessary to examine the other questions presented on this appeal.

The judgment must be reversed and a new trial ordered, with costs to abide the event.

Judgment reversed and new trial ordered, with costs to abide event.