Nehrbas, J.
This is an action on an undertaking given by the defendant John Yeith, in an action in the supreme court as plaintiff, with the other defendants as sureties, against John JEL Miller and two others, as defendants, to procure an order of arrest against Miller and the two others, under which Miller and one of the others, John E. Domschke were arrested. The undertaking provided that the sureties jointly and severally bound themselves and undertook “ that if the defendants in the action do recover judgment therein, or, if it is finally decided that the plaintiff was not entitled to the order .of arrest, the plaintiff in said action will pay all costs which may be awarded to the defendants, and all damages which they may sustain by reason of the arrest in said action, and not exceeding the sum of five hundred dollars.” It will be observed that the undertaking is for the benefit of the defendants jointly, and not severally, to each of them. The plaintiff in this case recovered a judgment in the supreme court action against the plaintiff therein (the defendant Yeith herein.) But the action, so far as the other defendant who was arrested therein (Domschke) is concerned, is still pending and undetermined. It seems to me, therefore, that the plaintiff cannot bring his action on the undertaking until the defendants, that is both of them, do recover judgment in the supreme court action, or until it is finally decided that the plaintiff was not entitled to the order of arrest as to both of.the defendants therein. That was the contract entered into by the sureties, and upon that alone can a recovery be had. At all events Domschke should have been made a party plaintiff or defendant, so that the rights of all persons concerned might be determined. I do not think that the plaintiff should be permitted to recover the penalty of the undertaking and exhaust the amount thereof, leaving nothing for his co-defendant, should he recover judgment. The defendants have not yet recovered judgment, only one of them has done so, and until the cause is determined as to the co-defendant, I am of opinion that the plaintiff herein has no standing in court.
But if this were not so, and the plaintiff had properly brought his action, the stipulation entered into in. the supreme court action would bar his recovery herein. It appears that the defendants in that action obtained a dismissal of the plaintiff’s complaint by default. A written stipulation was then entered into by the attorney for the defendant Miller (plaintiff herein) whereby the default was opened and the dismissal vacated and .set aside without costs, and the case restored to the calendar. And it was thereby “ further stipulated that the order of arrest issued herein as against the defendant Miller, be countermanded as to him only, and he be released from custody, he stipulating, however, that he will not sue for false imprisonment, malicious prosecution or for damages by reason of the arrest, or otherwise; and *911 the attorney for the said defendant stipulating to produce the said Miller at any time after judgment is entered against him herein (if. it is ever so entered) in pursuance of any execution which may be issued against him herein upon any such judgment. The stipulation, however, as to not suing for false imprisonment, etc., not to affect any right, the said defendant may have if he succeeds in the action.” This stipulation was entered into without the knowledge or consent of the sureties or either of them. The relative positions of the parties became changed, not by an order of the court, but by mutual consent of the attorneys.
This, I think, released the sureties upon the undertaking from further liability. Any alteration or departure by the parties from the terms of the contract for the performance of which one becomes a surety, discharges the surety whether the alteration was injurious or beneficial to the surety. The liability of a surety is always strictissimi juris, and may not be extended by construction beyond his specific engagement (Cornell v. Egan, Com. Pleas, Gen. Term, 24 Weekly Dig., 422, citing, 90 N. Y., 116.) The stipulation not to sue enured to the benefit of the sureties, and the exception reserved in case Miller recovered a judgment, will not revive their liability.
I am, therefore, of opinion that judgment should be rendered for both the defendant sureties with costs, with an extra allowance of two and a half per cent, upon the amount claimed by each defendant.
Judgment accordingly.