Daniels, J.
The verdict was recovered for the sum of $14,668.26, paid by the plaintiff to satisfy judgments recovered against it under the authority of chapter 315 of the Laws of 1878. It had employed Peter J. Vanderbilt by contract, to erect in part a school house at the northwesterly corner of Lexington avenue and One Hundred and Fifth street, in the city of New York, for the sum of $30,977. This was payable in twelve different installments, and payments had been made to him under the agreement reducing the amount to a balance of $14,477. Different persons in his; employment, or who had furnished material to him in the course of the erection of the school house, filed notices of liens against this amount with the' financial officer of the city, as that was permitted to be done by section 2 of this-act. The amount claimed by them was sufficient, with-interest and expenses, or very nearly so, to exhaust this balance. The statute did not authorize these persons to file notices of liens against the building itself, but they were secured liens for the value of labor and materials upon the moneys in the control of the city, due or to grow due, under the contract, and it was against these moneys that they' . initiated proceedings by the filing of the notices. And the lien upon such moneys, by section 5 of the act, applied from the time of filing the notices to the extent of the liability of the contractor, upon any funds which might be due, or become due, him from the city under his contract. Vanderbilt, the contractor, seems to have been anxious to obtain this balance remaining unpaid under the contract. And the right of the persons filing the notices to proceed against it seems to have been denied by him. At least this is a reasonable inference to be drawn from facts proved upon the trial of the action. He thereupon, with the two defendants in this action, after the filing of such notices, and on the 27th of January, 1881, executed and delivered a bond to the defendant to indemnify it against these claims. The bond recited the making of the agreement with Vanderbilt for the erection of the school house, and the payment to him of the amount mentioned in twelve different installments. *893 And that the last five installments remained unpaid upon the agreement. It then proceeded further as follows:
“And whereas, certain persons, assuming to act under and in pursuance of chapter 315 of the Laws of 1878, have filed notices of lien, or claims, as against said last mentioned sum. of $14,477, with certain notices of the pendency of actions to enforce said liens:
The condition of this obligation is such that, if the above named and bounden Peter J. Vanderbilt, Erastus Crawford, and Alfred W. Budlong, or either of them, shall save and keep harmless the said mayor, aldermen and commonalty of the city of Hew York, and the board of education, and the board of school trustees in the twelfth ward in such city, of and from any judgments, costs, damages, claims or recovery in said above-named actions, or any of them, and shall well and truly pay any judgment that maybe recovered in-said actions or any of them against the mayor, aldermen, and commonalty of the city of Hew York, or the said board of education, or said board of school trustees, then the above obligation to be void; otherwise to remain in full force and virtue.
“PETER J. VAHDERBILT, l. s.
“ERASTUS CRAWFORD, L. S.
“ALFRED W. BUDLOHG-.” L. S.
After this bond was executed and delivered to the city, it paid to Vanderbilt $8,000 on the 29th of January, 1881, $3,000 on the 29th of March, 1881, and $3,477 on the 5th of September, 1881, making the entire balance remaining unpaid to him at the time of the execution and delivery of the bond.
The proceedings in favor of the persons filing the notices of liens with the financial officer of the city, continued to be prosecuted until judgments were recovered in their favor against the administratrix of Vanderbilt, who had died after the time when all said payments had been made to him The conclusion of the referee before whom the actions were tried as one suit, was, that these persons were “entitled to-recover judgment against the said Jane Vanderbilt, as administratrix, etc., and the mayor, aldermen and commonalty of the city of Hew York, for the amounts severally found due them in the findings of fact, with interest from January 1, 1881, and costs.” This was followed with a statement of the amounts owing to three of the parties for the balance in the proceedings. And they together with the other creditors were held to be entitled to a decree which should provide for the payment of the several amounts found due, and their costs and disbursements aecordingto their several priorities, and that the decree should provide for the payment of such sums by the mayor, aldermen and commonalty of the city of Hew York, out of the funds in its possession, or secured to be paid to it, by the bond or undertaking described in the findings of facts and being the bond *894 executed by the defendants. Upon this report a judgment was entered in the court of common pleas, in which the proceedings were prosecuted, directing that the said sums so ordered to be paid by the mayor, aldermen and commonalty, and the comptroller, as its financial officer, as specified in the preceding paragraph are to be paid out of the moneys earned under the contract referred to in the eighth finding of fact in the referee’s report herein, and which moneys are in the possession of the mayor, aldermen and commonalty of the city of New York, or secured to be paid to it by the bond referred to in the fourth finding of fact in the referee’s report herein.
As it is further adjudged and decreed, that no personal judgment is given in favor of either of the plaintiff’s or lienors against the defendants, the mayor, aldermen and commonalty of-the city of New York, the trustees of public schools in the twelfth ward of the city of New York, and Stephen A. Walker, as president of the board of education of the city of New York. And this judgment was entered on the 26th of March, 1885. An appeal was taken from it to the general term of the court of common pleas where it was affirmed, with costs to the several parties, and from that judgment it was appealed to the court of appeals when it was in like manner affirmed..
After the affirmance an application was made on behalf of the defendant Smith for leave to adjust his costs which had been omitted, and insert them in the judgment, and an order was made allowing that to be done. A further application was also made to strike out the last paragraph of the judgment originally recovered, and to insert in its place a paragraph declaring that the several persons to whom the sums of money were directed to be paid should recover judgment for such sums respectively, and should have execution for them against the property of the mayor, aider-men and commonalty of the city of New York, as was afterwards specified, and upon that application an order was made providing for this change in the form of the judgment. And it is mainly upon this fact that the defendants have resisted their liability to refund to the city under their bond the amount which has been paid for the satisfaction of the judgment and the cost of the appellants. But this change in the language of the judgment produced no radical change in its effect, for by section 8 of chapter 315 of the Laws of 1878 it was declared that the judgment recovered in the form in which it was entered in 1885 might be enforced by execution in the same manner as in civil cases. And under this authority it is quite plain that the persons in whose favor the judgment was recovered were entitled to have execution upon it for the collection of the amounts mentioned in it, without any special direction *895 therefor being made in case of its non-payment by the-financial authorities of the city. And no more than this right was secured by this change giving this direction in the order of 1887. It is not important to consider whether the motion for the order or the order itself was regularly made under the statute applicable to the actions. For no material difference exists as to the right to enforce the judgment, whether that be done under the authority of the order or of the judgment itself.
In either case it could be done by the authority of the statute by execution, and the fact that the last paragraph in the judgment declared that no personal judgment was given in favor of either of the plaintiffs or lienors against the mayor, aldermen and commonalty of the city of Hew York, or trustees of the public schools of the twelfth ward in the city of Hew York, or the president of the board of education of the city of Hew York, did not deprive the judgment of this effect. That was added to protect the city against liability to pay to the lienors or plaintiffs any greater sum than the amount of money remaining unpaid upon the contract at the time when notices of the liens were respectively filed. For the purposes of an execution to the extent of the recovery of these plaintiffs, all that was required was that the judgment should provide for the payment of the balance of the moneys remaining unpaid under the contract upon and towards the extinguishment and satisfaction of the judgment of those lieners. And that was directed and adjudged in the judgment and to that adjudication attached the right to issue the execution for the collection of the money, as that was authorized by section 8 of the act. The plain effect of the proceeding and recovery was that the plaintiffs, and the defendant Smith, were entitled in the order of priority declared in the judgment to the appropriation of so much of this balance as would be necessary for the purpose to the payment of the amounts recovered, and in case of a failure on the part of the financial officers of the city to make such payment, that then execution upon the judgment could be issued to enforce the performance of that obligation. And this was such a judgment as the defendants obligated themselves to protect the city against by the condition of their bond. This is disclosed by the recitals preceding the condition of the bond. For in them it has been stated that the contract was made with Vanderbilt by the city, for the erection of the school house, that this balance of $14,477.00 being the last five installments on the contract, remained due, and that certain persons assuming to act under the law of 1878, had filed notices of liens- or claims against this sum of money remaining unpaid under the agreement. And then follows the condition of *896 the bond, that-the principal together with these authorities should save and keep the city harmless from any judgment costs, damages, claims or recovery in the above named actions, or any of them, and should well and truly pay any judgment that might be recovered in such actions or any of them, against the mayor, aldermen and commonalty of the city of New York. This was as plain a description of the judgment afterwards recovered in favor of the persons referred to in the preceding recitals, as could very well be made by way of anticipation. And it was against the fact of that judgment that the defendants became bound to protect the city and to pay the amounts which should be recovered.
No latitude of construction is required to secure this effect to the bond which the defendants entered into. For it contains throughout, a plain and intelligible description and narrative of the preceding transactions resulting in this balance, and the claims and notices made and filed to effect and appropriate it to the payment of the demands of the persons afterwards recovering this judgment. And by the condition, the defendants obligated themselves to pay that judgment. And whether the judgment remained as it in the first instance was entered, with the qualification that it was not to be a personal judgment against the mayor, aldermen and commonalty of the city, or was afterwards . changed by the order into a personal judgment, made no difference in the effect of the proceedings or of the recovery provided for. For no more could be recovered or collected under the execution authorized to be issued in the one case than could be in the other. And the extent of the city’s liability was the payment and application of this balance of $14,477, together with whatever it may have received by way of interest on the sum during the pendency of the litigation. . No broader construction, therefore, is . required to be given to the bond than this language fairly permits, and the case in no respect is beyond the rule declared in National Bank Association v. Conkling (90 N. Y., 116, 122), under which the court is required to ascertain and carry into effect the rights and obligations of the parties as that is defined by the instrument executed to declare them.
No question was made as to the extent of the liability of the city, or that it was in any manner exceeded by the recovery in this action. An exception was presented to the direction of a verdict in the plaintiff’s favor, but will not as to the amount if the direction was proper, for which the verdict should be recovered. As to that there was no dispute, neither has there been upon the argument of the appeal. But the sole defense of the defendants has been placed upon the position that they did not become liable *897 -under their bond to refund to the city the sum of money paid by it for the satisfaction of the judgment for the enforcement of the demands of these different persons who had, previously to the execution of the bond, fil.ed the notices .and claims for liens for services and material against the balance remaining unpaid under the contract for the erection of the school house. The verdict was accordingly right as it was directed, and the judgment should be affirmed.
Van Brunt Oh. J., and Brady, J., concur.