Brady, J., (dissenting.)
The plaintiffs sought to recover the penalty of a bond dated March 17,1873, executed by the defendant Baumann as principal, and by the defendant Neppert as surety. The condition was for the faithful performance by Baumann, who had been appointed a clerk of the plaintiffs, of “his duties as such clerk, or in whatever capacity he may serve said bank, and shall faithfully apply and account for all such moneys, funds, valuables, ■and property which may come into his hands, or under his control, as such ■clerk, and deliver the same, on proper demand, to the order of the board of directors of the said Union Dime Savings Bank, or to the person or persons authorized to receive them, without any fraud or other delay, then this obligation to be void; otherwise to remain in full force and virtue.” At the time of the execution of the bond Baumann occupied the position of book-keeper. His duties consisted of keeping books and accounts, and until a longtime afterwards he had no connection with the cash in the bank. His position was advanced, however, from time to time, and his salary increased. In 1878 he commenced to handle the cash of the bank in the absence of the other clerks. In September, 1879, he was detailed to act as teller of the bank by Mr. Sprague, the secretary, and in 1881 he was regularly appointed teller by the board of directors. His duties in that capacity consisted of receiving the cash deposits of customers, entering the same on the pass-books, and making initial records of such deposits. Prior to his appointment as teller, and in 1879, he kept as book-keeper about twenty deposit ledgers, containing the individual accounts of plaintiff’s customers. Hi's duties as book-keeper were gradually taken away from him, however, and at the time of his appointment as teller he kept one deposit ledger only, and it appears that it was usual in the plaintiff’s bank to require tellers to do a small amount of book-keeping, whictrwas considered a part of their duties as such; the paying teller also keeping a deposit ledger. In July, 1885, and after all the changes in the position and duties of Baumann had been made, he commenced to misappropriate the plaintiff’s funds, and it was during the period commencing July 1 in that year, and ending September 6,1886, that all the moneys abstracted by him were re *800 oeived by him as teller. Moreover, it distinctly appears by the testimony of the secretary of the plaintiff that, if Baumann had been kept in his original position of book-keeper, he would not have been able to have stolen tire money. A question relative to that subject drew forth this answer: “Certainly not;. I don’t see any way in which he could without an accomplice. There is nO' evidence that he had an accomplice. I don’t think he had. All this money was stolen after Baumann was appointed a teller. He used his office as teller to enable him to steal money.” The learned justice in the court below regarded the case of Association v. Conkling, 90 N. Y. 120, as decisive of this action, and therefore gave judgment for the defendant. It must be said that his conclusion in this regard was correct, for that case seems to fully justify the judgment rendered herein. We had occasion to consider the result of that case in Bank v. Spinney, 47 Hun, 293. There the question was in many respects the same as in this case, and it was held that a direction to the jury that if a principal entered into the employment of the bank as book-keeper, even if other duties were superadded to that employment, the defendants were liable; but if he had been virtually removed from the position of book-keeper, and put into another position, which enhanced the liability of the defendants-on their bond, then they were entitled to a verdict. The statement of facts-shows conclusively that the principal herein was advanced to the position of teller, the duties of which he discharged, and the performance of which relieved him from those of a book-keeper eo nomine, enlarging Iris responsibilities, and placing him in a position by which he was enabled to make the misappropriations complained of. It will be observed that the condition of the bond in regard to the faithful application of and accounting for all moneys, etc., which might come into the hands of Baumann, relates to those received by him as such clerk. The language is: “Property which may come into his hands or under his control as such clerk.” In Webster’s Dictionary, (Ed. 1828,) the words “clerk” and “teller” áre defined as follows: “Clerk. A writer; one who is employed in the use of the pen in an office, public or private, for keeping record's and accounts; as the clerk of a court.” “Teller. An officer of a bank, who receives and pays money on checks.” And Worcester, Stormouth, Bouvier, and Jacobs give substantially the same definition, and it appears to have been adopted by the court of appeals in People v. Commissioners, 73 N. Y. 437.
The phraseology of the condition of the bond in this case seems to express clearly the intention of the surety that his responsibility should be limited to such misconduct as his principal might commit while discharging his duties as a elerl$ eo nomine; but, if it be not confined to this restricted effect, it certainly calls for the application of the rule established in Association v. Conkling and Bank v. Spinney, supra. An examination of the requests to find submitted on behalf of the appellant has not created an impression that any wrong was done, by refusing them, and the exceptions to the evidence are subject to the same criticism. All the facts are before the court necessary, on the evidence submitted, to determine the liability of the defendants, applying to them the well-established rules governing such relations as are created by the bond in question. The facts found rest chiefly upon the testimony given on behalf of the plaintiff. It may be said with great propriety that an abstract question of law only is presented, and that is whether the appointment of the principal as teller, and the consequent suspension of his duties as book-keeper, was one which relieved the defendant from the obligationso he assumed when he executed the bond. As we have seen, such a change in the position and duties of the principal relieved him from any obligation. The judgment should therefore be affirmed, with costs.