Brady, J. dissenting.
[After stating the facts.]—The learned justice in the court below regarded the case of the National Bank Association v. Conkling (90 N. Y. 120) as decisive of this action, and, therefore, gave judgment for ••the defendant. It must be said that his conclusion in this *365 regard was correct, for that case seems to fully justify the judgment rendered herein.
We had occasion to consider the result of that case in the Fourth Nat. Bank v. Spinney (47 Hun, 293). There the question was, in many respects, the same as in this, case, and it was held in a direction to the jury that if a principal entered into the employment of the bank as bookkeeper, even if other duties were super-added to that employment, the defendants were liable ; but if he had been virtually removed from the position of book-keeper and put into another position, which enhanced the liability of the-defendants on their bond, then they were entitled to a verdict.
The statement of facts shows conclusively, that the-principal herein was advanced to the position of teller, the-d uties of which he discharged and the performance of which-relieved him from those of a book-keeper eo nomine, enlarging his responsibilities, and placing him in a position by which he was enabled to make the misappropriations complained of.
It will be observed that the condition of the bond in-regard to the faithful application of and accounting for all moneys, etc., which might come into the hands of Bauman,, relates to those received by him as. such clerk. The language is : “ property which may come into his hands or under his control as such clerk.”
In Webster’s Dictionary (edition of 1828), the words “clerk” and “teller” are defined as follows: Clerk, “a writer; one who is employed in the use of the pen in an office, public or private, for keeping records and accounts ; as the clerk of a court.” Teller, “an officer of a bank, who receives and pays money on checks.” And Worcester, Stonnouth, Bouvier and Jacobs give substantially the same-definition ; and it appears to have been adopted by the court of appeals in People v. Fire Commr’s. (73 N. Y. 437).
The phraseology of the condition of the bond in this case- *366 seems to express clearly the intention of the surety, that his responsibility should be limited to such misconduct as his principal might commit whilst discharging his duties as a clerk eo nomine / but if it be not confined to this restricted effect, it certainly calls for the application of tire rule established in Nat’l. Banking Association v. Conkling and Fourth Nat’l. Bank v. Spinney (supra).
An examination of the requests to find submitted on behalf of the appellant has not created an impression that any wrong was done by refusing them, and the exception to the evidence is subject to the same criticism. All the facts are before the court necessary on the evidence submitted to determine the liability of the defendants, applying to them the well-established rules governing such relations as are created by the bond in question. The facts found rest chiefly upon the testimony given on behalf of the plaintiff.
It may be said with great propriety that an abstract question of law only is presented, and that is whether the appointment of the principal as teller and the' consequent suspension of his duties as book-keeper was one which relieved the defendant from the obligations he assumed when he executed the bond. As we have seen, such a change in the position and duties of the principal relieved him from any obligation.
The judgment should, therefore, be affirmed, with costs.
Judgment reversed and new trial ordered, costs to abide event.
Defendant appealed to the court of appeals.
Theodore De Witt, and Geo. C. De Witt, Jr. (De Witt, Lockmann & De Witt, attorneys) for appellant.—I. The surety-was discharged from the obligation óf the bond by the removal by the plaintiff of Baumann from the position he held vhen the bond was given (Nat. Mechanics’ Banking Asso. v. Conkling, 90 N. Y. 116; First Nat. Bk. of Baltimore v. Gerke, 13 Atl. Rep. 358; 12 Cent. Rep. 129; Manufac *367 turers’ Bk. v. Dickerson, 41 N. J. Law Rep. 448; Fourth Nat. Bk. v. Spinney, 47 Hun, 293; People v. Vilas, 36 N. Y. 460; Cornell v. Eagan, 13 Daly, 505).
II. As to the construction of the bond (First Nat. Bk. of Baltimore v. Gerke, 13 Atl. Rep. 358; 12 Cent. Rep. 129; People v. Fire Commissioners, 73 N. Y. 337, 442; Pohalski v. Mutual Life Ins. Co., 36 Super. Ct. R. 234; McCluskey v. Cromwell, 11 N. Y. 593, 598; Nat. Mechanics’ Banking Asso. v. Conkling, 90 Id. 116).
III. The bond does not cover the position of teller (Nat. Mechanics’ Banking Asso. v. Conkling, 90 N. Y. 116; Hayden v. Crane, 1 Lans. 181; Russell v. Clark’s Exrs., 7 Cranch, 69).
IV. The case of Mayor v. Kelly, 98 N. Y. 467, does not affect this case.
V. The trial justice committed no error in admitting the evidence objected to by the plaintiff (Griffiths v. Hardenburgh, 41 N. Y. 464, 468).
Wm. H. Arnoux (Arnoux, Ritch ds Woodford, attorneys) for respondent.—I. Upon both authority and principle the surety is liable to the plaintiff for the default of his principal, upon the bond in question (Nat. Mechanics’ Banking Asso. v. Conkling, 90 N. Y. 120; Mayor v. Kelly, 98 Id. 471; Nat. Bk. of Baltimore v. Gerke, 13 Atl. Rep. 358; 12 Cent. R. 129; Manufacturers’ Bk. v. Dickerson, 41 N. Y. L. R. 448; Fourth Nat. Bk. v. Spinney, 47 Hun, 293; Rochester City Bk. v. Elwood, 21 N. Y. 88; Gaussen v. U. S., 97 U. S. 584; Pybus v. Gibbs, 6 Ell. & B., 88 Eng. L. C. 902; Bonar v. McDonald, 3 N. L. Cas. 226; Napier v. Bruce, 8 C. & F. 470; Eastern R. Co. v. Loring, 138 Mass. 381; Horey v. Ten Broeck, 3 Rob. 316; Conant v. Van Schaick, 24 Barb. 87, 99; Penn. etc. R. R. Co. v. Leuffer, 84 Pa. St. 168; 24 Am. 180; Erricson v. Brown, 38 Barb. 340; Gurney v. Atlantic, etc. R. R., 2 T. & C. 446; Missouri, K. & T. R. R. v. Baker, 14 Kans. 566; *368 Coffin v. Reynolds, 37 N. Y. 640; People v. Fire Commissioners, 73 Id. 442).
II. The judge erred in admitting testimony of conversation between the surety and principal, and basing a finding thereon (Hurd v. Kelly, 78 N. Y. 588; Dillon v. Anderson, 43 Id. 231; Russell v. Freer, 56 Id. 67; Griffiths v. Hardenburg, 41 Id. 464).
III. The court erroneously refused to find as requested by the plaintiff (Sheldon v. Merch. Desp. Co., 59 N. Y. 258).
The court of appeals affirmed the order upon the opinion of Van Bbust, J., above given.