MARGARET Z. WINTERS, AS EXECUTRIX, ETC., APPELLANT, *v.* CHAUNCEY JUDD AND ANOTHER, RESPONDENTS.

*Bond of indemnity to a sheriff — when it does not cover the case of a sale of property exempt from execution.*

A bond of indemnity to a sheriff, reciting that, "whereas, certain goods and chattels that appear to belong to the said Sally Eddy are claimed by Francis Larrabee and others in the execution aforesaid," was conditioned that the obligor would "well and truly save, keep and bear harmless and indemnify the said George M. Winters, sheriff, and all and every person and persons aiding and assisting him in the premises, of and from all harm, let, trouble, damage, costs, suits, actions, judgments and executions that shall, or may at any time, arise, come or be brought against him, them, or any of them, as well for the levying and making sale, under and by virtue of such execution, of all or any goods and chattels which he or they shall or may judge to belong to the said Francis Larrabee and others, as well as in entering any shop, store, building or other premises for the taking of any such goods and chattels."

*Held*, that this bond did not cover a liability incurred by the sheriff because of his having sold, under the execution referred to, property which was by law exempt from execution.

APPEAL by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of Cattaraugus on the 24th day of April, 1890, upon the report of a referee.

The action was brought to recover the amount of a judgment which had been entered against the sheriff of Cattaraugus county for selling property of a judgment-debtor, which was exempt from sale under execution.

*Frank Rumsey,* for the appellant.

*J. G. Record,* for the respondent.

CORLETT, J.:

On the 9th day of December, 1878, an execution was issued in favor of one Henry W. Eddy against Sally Eddy to collect a judgment for $1,590.50, in pursuance of which a levy was made by direction of the judgment-creditor. The property levied upon had been previously attached by the judgment-creditor. The defendant in the judgment claimed, both at the time the property was attached and levy made, that certain articles of property covered by the levy, to wit, a team of horses and a melodeon, were exempt from levy and sale. Francis Larrabee and Stephen Laing claimed liens upon the property by virtue of chattel mortgages. The sheriff, before he would sell, required a bond of indemnity, which was executed. The following is a copy:

"Know all men by these presents that we, Henry W. Eddy, as principal, and Chauncey W. Judd and Wallace Ward, as sureties, of New York, are held and firmly bound unto George L. Winters, sheriff of the county of Cattaraugus, in the sum of three thousand dollars, lawful money of the United States, to be paid to the said George L. Winters, or to his certain attorney, executors, administrators or assigns; for which payment, well and truly to be made, we bind ourselves, and each of our heirs, executors and administrators, jointly and severally, firmly by these presents.

"Sealed with our seals, dated the —— day of December, one thousand eight hundred and seventy-eight.

"Whereas, the above bounden Henry W. Eddy, in the Supreme Court of the State of New York, did obtain judgment against Sally

Eddy for the sum of $1,590.40, damages and costs, whereupon execution has been issued, directed and delivered to the said George L. Winters, commanding him that, of the goods and chattels of the said Sally Eddy, he should cause to be made the damages and costs aforesaid; and whereas certain goods and chattels that appear to belong to the said Sally Eddy are claimed by Francis Larrabee and others in the execution aforesaid. Now, therefore, the condition of this obligation is such that, if the above-bounden Henry W. Eddy shall well and truly save, keep and bear harmless and indemnify the said George L. Winters, sheriff, and all and every person and persons aiding and assisting him in the premises, of and from all harm, let, trouble, damage, costs, suits, actions, judgments and executions that shall or may at any time arise, come or be brought against him, them or any of them, as well for the levying and making sale, under and by virtue of such execution, of all or any goods and chattels which he or they shall or may judge to belong to the said Francis Larrabee and others, as well as in entering any shop, store, building or other premises for the taking of any such goods and chattels, then this obligation to be void, else to remain in full force and virtue.

Sealed and delivered in presence of :

> " HENRY W. EDDY.   [L. S.]
> " CHAUNCEY JUDD.   [L. S.]
> " WALLACE WARD.   [L. S.] "

After that, the sheriff sold the property levied on. Then Sally Eddy brought an action for the conversion of the team and melodeon, and recovered a judgment against the sheriff on the ground that the property was exempt, which he paid.

In February, 1885, an action was commenced by the sheriff on the bond to recover the amount of such payment. He died and the plaintiff was substituted in his place. Issue was joined; the action was referred; a trial was had, and the referee made a report dismissing the complaint. Judgment was entered upon the report, and the plaintiff appealed to this court. The referee wrote an opinion which appears in the case.

The central question on the trial was whether the bond could be construed as covering any liability of the sheriff for selling the property because it was exempt. It will be noticed that the recital

in the bond, so far as material, is, " and, whereas, certain goods and chattels that appear to belong to the said Sally Eddy are claimed by Francis Larrabee and others in the execution aforesaid." Then comes the condition of the bond which, in some respects, is obscure and seemingly meaningless.

In *National Mechanics' Banking Association* v. *Conkling et al.* (90 N. Y., 116), the general rule was repeated that the liability of a surety " is always *strictissimi juris*, and may not be extended by construction beyond his specific engagement." The judge, delivering the opinion, on pages 120, 121, says : " The recital in such bonds, undertaking to express the precise intent of the parties, controls the condition or obligation which follows, and does not allow it any operation more extensive than the recital which is its key, and so it has been held in many cases." Cases are then cited, and the judge proceeds : " In *Pearsall* v. *Summersett* (4 Taunt., 593), it was held, as expressed in the head note, that ' the extent of the condition of an indemnity bond may be restrained by the recitals, though the words of the condition import a larger liability than the recitals contemplate.' " The judge in support of this cites other cases. The material portion of the recitals above quoted were written.

In *Griffiths* v. *Hardenbergh* (41 N. Y., 464), it was held that surrounding and contemporaneous facts should be considered in construing a bond or written instrument. At the time the sureties signed the bond a letter from the sheriff was shown them which stated, among other things, that " the parties holding the chattel mortgages say they shall sue as soon as sale is made." So that the recitals in the bond as well as the letter were to the effect that the bond was required as indemnity against claims of persons holding chattel mortgages on the property. The recital is, " and, whereas, certain goods and chattels that appear to belong to the said Sally Eddy are claimed by Francis Larrabee and others in the execution aforesaid." It would be a forced construction to include the execution debtor in the words " and others." The words on their face clearly relate to persons other than the judgment-debtor. The sheriff evidently had his mind upon the claims of those holding chattel mortgages or having liens, and when the bond was executed a recovery against the sheriff by the judgment-debtor on account of exempt property does not appear to have been in the minds of the

parties signing the instrument or of the sheriff who took it. It was demanded and executed evidently to protect the sheriff against the claims of third persons.

The property of a judgment-debtor is *prima facie* liable to levy and sale by virtue of an execution. When the debtor in the process relies on exemption, the claim is an affirmative one; it must be proved. In the absence of proof showing exemption, all the debtor's property is liable. There is certainly nothing in this bond, especially in the recitals, which would in any way indicate that there was any fear or apprehension on the part of the sheriff that he would be proceeded against by the judgment-debtor upon the claim that it was exempt. It is no answer to say that she insisted upon the exemption both at the time the attachment was executed and the levy made. There is nothing to show that the sureties had any knowledge or information of any such claim on her part, and there is certainly nothing in the recitals in the bond appraising them of any such thing, but every reasonable inference is the exact reverse. It is true that in the body of the condition there are words which might be construed as including such a claim, but the fair construction of the whole instrument, including the recitals, is, and at the time must have been so understood by the sureties, that their obligation was for the purpose of protecting the sheriff against the claims of persons having liens on the property other than the judgment-debtor.

It cannot be argued, with any plausibility, that the bond contains any "specific engagement" to indemnify the sheriff against a recovery by the judgment-debtor, because the property levied upon and sold was exempt. Nothing of the kind is suggested by the terms of the bond.

The learned counsel for the appellant argues, with much force and ability, that it is possible to include exempt property within the bond. But such a construction requires great skill and ingenuity to impart to it plausibility. It is not the ordinary one which would be attached to the instrument.

Under such circumstances, it should not be construed to extend, as against sureties, so far as to include exempt property owned by the judgment-debtor. The letter was properly admitted in evidence, together with the other circumstances proved at the time of the

execution of the bond; they were all a part of the *res gestæ* and threw light upon the construction of the instrument executed.

The judgment must be affirmed.

DWIGHT, P. J., and MACOMBER, J., concurred.

Judgment appealed from affirmed.