(96 App. Div. 184.)

### CITY OF NEW YORK v. SEXTON.

(Supreme Court, Appellate Division, First Department. July 13, 1904.)

1. INDEMNITY BONDS—CONSTRUCTION.

Where an attorney, having negligently failed to bring suit against a city until the same was barred by limitations, gave a bond to the city to induce it to waive the plea of limitations, conditioned to hold the city harmless and indemnify it from any judgment that might be recovered in the action in favor of his client in respect to the damages awarded, "after it shall have been finally determined in said action that the plaintiff was entitled to recover therein," such bond contemplated a recovery after trial on the merits, and did not render the obligor liable for money paid under a settlement of the plaintiff's claim without such obligor's consent.

2. SAME—WAIVER—QUESTION FOR JURY.

> Where there was a strong conflict in the evidence as to whether the attorney for the estate of an obligor in a bond to save a city harmless from a judgment recovered against it after trial on the merits had consented to a settlement of the claim, and thereby waived a trial on the merits, it was error for the court to refuse to submit such question to the jury.

Appeal from Trial Term, New York County.

Action by the city of New York against John B. Sexton. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

J. Canter, for appellant.
T. Farley, for respondent.

PATTERSON, J. On the trial of this action a verdict was directed for the plaintiff, and from the judgment entered thereon, and from an order denying a motion for a new trial, this appeal is taken.

The defendant, Sexton, and William H. Clark, his intestate, executed and delivered to the city of New York their joint and several bond, upon which this action is brought. That instrument was given under the following circumstances: One Levene sustained personal injuries by falling on the pavement in Canal street, in the city of New York. He claimed that his fall was caused by the imperfect condition of the street, and thereupon he employed William H. Clark, a lawyer, to bring an action against the city to recover his claimed damages. Mr. Clark, instead of bringing the action himself, requested another attorney to do so. Suit was brought, but not within one year, as required by law; and thereupon the city, in its answer to the Levene suit, set up the statute of limitations as a defense. When that defense was interposed, Levene brought an action against Clark for what in this case is called "malpractice," consisting in Clark's failure to bring the action within the necessary statutory period. The parties being thus situated, Mr. Clark, desiring to be relieved from this charge of malpractice, entered into negotiations with the counsel to the corporation, and induced that officer to withdraw the defense of the statute of limitations; and, in consideration of that being done, Clark and the defendant, Sexton, executed and delivered the bond in suit, which is as follows:

> "Whereas a certain action has been brought in the Supreme Court of the State of New York in and for the County of New York by one Joseph Levene against the Mayor, Aldermen and Commonalty of the City of New York; and
>
> "Whereas, in said action the defendant interposed as a defense that the action was not brought within one year from the date of the alleged cause of action; and
>
> "Whereas, it is desired that the defendant in the said action withdraw said defense so that the case may be tried upon the merits:
>
> "Now, therefore, the condition of the above obligation is such that if the above-bounden William H. Clark and John B. Sexton shall well and truly hold harmless and indemnify the City of New York, as the successor of said Mayor, Aldermen and Commonalty of the City of New York, of and from any judgment that may be recovered in said action in favor of the said plaintiff therein in respect to the damages awarded to the plaintiff and the costs and allowances

therein—after it shall have been finally determined in said action that the plaintiff was entitled to recover therein—then this obligation shall be null and void, otherwise to be and remain in full force and effect."

The defense of the statute of limitations thus being expunged, the case, as it was made by the pleadings, was at issue upon the merits. Before a trial was had, those in charge of the case on behalf of the city, upon investigation, came to the conclusion that it would be wise to compromise the claim of Levene, and settle it without an actual trial, whereupon Mr. Sexton and his attorney (Mr. Clark then being dead) attended at a conference at the office of the corporation counsel. Just what took place at that interview is in dispute. It is contended by the city that Sexton assented to the cause being settled without a trial. On the contrary, he and his counsel then present positively swear that not only was such consent not given, but that Sexton declared in most positive and emphatic terms that he would not consent to a dollar being paid. The case was settled by the payment to Levene or his attorney of the sum of $2,500, after which this action was brought to enforce the condition of the bond.

It is not necessary to refer more particularly to the surrounding circumstances under which the instrument sued on was given, for the liability of the obligors on the bond is to be construed in connection with the recitals of that bond. It is well settled in the law that the obligation assumed in a bond is to be construed in connection with and to be controlled by the recitals of the purpose and object for which it was given. The rule cannot be better expressed than in the words of Earl, J., in Nat. Mech. Banking Ass'n v. Conkling, 90 N. Y. 116, 121, 43 Am. Rep. 146, as follows:

"The recital in such bonds, undertaking to express the precise intent of the parties, controls the condition or obligation which follows, and does not allow it any operation more extensive than the recital, which is the key, and so it has been held in many cases. In London Assurance Co. v. Bold, 6 Ad. & El. N. S. 514, Wightman, J., said: 'In truth, the recital is the proper key to the meaning of the condition.' In Hassell v. Long, 2 M. & S. 363, Ellenborough, C. J., said that the words of the recital of a bond afforded the best ground for gathering the meaning of the parties. In Pearsall v. Summersett, 4 Taunt. 593, it was held, as expressed in the headnote, that 'the extent of the condition of an indemnity bond may be restrained by the recitals, though the words of the condition import a larger liability than the recitals contemplate.' See, also, Peppin v. Copper, 2 B. & A. 431; Barker v. Parker, 1 T. R. 287; Liverpool Waterworks Co. v. Atkinson, 6 East, 507; The Tradesmen's Bank v. Woodward, Anthon's N. P. (2d Ed.) 300."

It is not to be doubted that, in general, the obligation of a bond of indemnity against a judgment would be enforced against the obligors, whether that judgment was obtained by default or by consent, provided there were no fraud or deceit practiced. Ordinarily, where a bond of indemnity is given against a judgment, the breach of a covenant and the right of the obligee to sue for that breach arise at once, but, where the covenant is restrained by the recital, the liability arises only according to the terms of the whole instrument. The situation here is plain. It was in consideration of the withdrawal by the city of the defense of the statute of limitations in the Levene case that Clark and Sexton stipulated or covenanted that if, upon the trial on

the merits, a judgment were recovered against it, they would pay that judgment. The recital of the bond is as clear as it could be made. After referring to the Levene case and the interposition of the defense of the statute of limitations, the recital is: "Whereas, it is desired that the defendant in the said action withdraw said defense so that the case may be tried upon the merits." Or in other words, that there should be an investigation before a court and jury on the merits, and the liability of the city be determined upon the facts of the case. That necessarily excludes the notion that these obligors entered into the covenant they made, leaving it to the city authorities, at their option, to dispense with a trial on the merits, to secure which, eliminating a technical defense, the bond was given. That being the proper construction of the instrument, Sexton, both as an individual and as the administrator of Clark, had the right to insist upon a trial upon the merits before he or Clark's estate could be held liable upon the bond, unless there has been a waiver of that right; and there certainly would have been a waiver, had Mr. Sexton consented to the settlement of the Levene case by the corporation counsel. The learned judge directed a verdict for the plaintiff. Under the evidence, the question as to the assent of Sexton should have gone to the jury. There was a strong conflict of evidence, and the defendant was entitled to have the jury pass on that conflict. The liability of the defendant, both as an individual and representatively, depends altogether upon an assent being given to the compromise of the Levene case.

The judgment and order, therefore, should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.