Oakley, J.
This is a special action on the case. The declaration contains eight counts, the last of which is general. The defendants plead the general issue to the whole declaration, and to the seven first counts, interpose four special pleas: to these pleas there is a general and separate demurrer.
The second count in the declaration substantially sets forth, that an action had been commenced against the plaintiff by one Andrews, in the Supreme Court of the State of New-York, relative to a sale of cotton made to him by the plaintiff, as agent and factor of Morgan & Sons, merchants, residing in Alabama. That Morgan & Sons were liable to indemnify the plaintiff against said action, and that the defendants, in consideration of a sum of money paid by the plaintiff to them, at the request of Morgan & Sons, promised to indemnify him against the action of Andrews. The count then avers that Andrews obtained a judgment against the plaintiff, and that he had been obliged to pay, &c.; and that the defendants had not indemnified him. The statement of the plaintiff’s cause of action is varied in the other special counts, but for the purpose of disposing of the present question, it is not deemed material to notice them more particularly.
The fourth and fifth pleas of the defendants are in substance, that the judgment of Andrews against the plaintiff was obtained on the ground, that in the sale of the cotton the plaintiff had been guilty of fraud.
The question intended to be raised by these pleas is, whether a party, who has been guilty of a fraudulent act in the sale of property as the agent of another, can make a valid contract with a stranger for an indemnity against the consequences of such fraudulent act.
It is well settled, that any contract made for the purpose *588 of indemnifying. a man against an illegal or immoral act, to be done at a future period, is void on principles of public popcy_ pjm js also settled, that a party may indemnify himsejf against the consequences of any unlawful act already done. [Haskett v. Tilley, 11 Mod. 93. 1 Com. on Con. 30.] Thus it has been held, that a bond given to a sheriff, to indemnify him against a voluntary escape, which has already happened, is valid, [1 Caines, 450. 14 J. 378,] although such bond would be clearly void, if given to save the sheriff harmless against an escape thereafter to be permitted.
The present case seems to me, to fall within this principle. The plaintiff had already been prosecuted for the alleged fraud in the sale of the cotton. I see no reason why the defendants might not stipulate for a valid consideration, to indemnify him against that action. Such a contract has no tendency to encourage the commission of illegal or fraudulent acts, and does not seem to conflict with any principle of public policy.
It was contended, on the argument, that though the pleas might be bad, yet that the declaration was defective, inasmuch as it set forth a contract within the statute of frauds, but did not show that such contract was in writing. This objection has clearly no application to the second count, as that is founded on an original contract between the plaintiff" and defendants, for a consideration moving directly between them. And if it seem otherwise, it is settled, that when the plaintiff counts on a contract, which is clearly collateral and within the statute, he need not aver it to be in writing. ' It is sufficient if that fact appears in evidence. [4 John. R. 237.]
The fourth and fifth pleas are, according to this view of the case, no answer to the second count in the declaration.
The second and third pleas are clearly bad. They charge the plaintiff with no fraud. The third plea avers that in the sale of the cotton he was guilty of negligence, and the second does not amount even to that. It cannot be questioned, that a party may make a valid contract for indemnity against any past negligence.
The special pleas of the defendants being pleaded to the seven *589 first counts of the declaration, and being no answer to one of them, must be entirely overruled; and there must be generally for the plaintiff, on the demurrers.
Judgment for the plaintiff, with leave, &c.
[G. W. Strong, Att'y for the plff. A. G. Rogers, Att’y for the defts.]