JOHN GRIFFITHS, Respondent, *v.* JACOB HARDENBERGH, Appellant.

The court may be assisted in the interpretation of a written contract, by proof of the surrounding facts as they existed at the time of its execution and delivery.

Accordingly, where the bond of indemnity to a sheriff was conditioned to hold him harmless against any damages that might at any time arise, as well for levying under and by virtue of an execution described, as for entering any building or other premises to make such levy.—*Held,* in an action by the sheriff on the bond to recover indemnity for damages recovered against him for entering a dwelling-house to make a levy, *previous to the execution of the bond,* that it was competent to show, that such entry was made at the request, and by the advice of the obligor, and that at the time of the execution of the bond, the sheriff had refused to proceed further in removing the goods from said house, until indemnified by the obligor.

A bond indemnifying against an illegal act *to be* committed is void, but valid, when given to indemnify against an illegal act, already done, and not known to be illegal at the time.

Taking indemnity by a public officer is not necessarily unlawful, because not expressly authorized by some statute. And the words, "color of

office" used in the Revised Statutes (2 R. S., 328), do not include such a case. These words imply an illegal claim of right, or authority to take such security.

(Argued October 7th, 1869, and decided December 22d, 1869.)

APPEAL from a judgment of the General Term of the Supreme Court, in the third judicial district, affirming a judgment for the plaintiff.

In 1854 the plaintiff was sheriff of Ulster county; the defendant an attorney at Kingston, in said county. In November of that year, the defendant, as attorney for the Central Bank, obtained a judgment for $4,027.70 against Horace and Isaac C. Andrews. On the 4th of December, defendant delivered an execution on said judgment to the plaintiff, informing him that one of the judgment debtors had left the county, that there was property in a building he had occupied, and directing him immediately to make a levy on it; that in all probability such debtor would not be there, but to find out who had charge of it, and to make a levy, if he went down through the chimney. Plaintiff proceeded to the place; found the building closed; found the person who had the key; had the door unlocked, and made a levy. On the same evening plaintiff informed defendant what he had done, and declined to proceed further unless indemnified; and thereupon defendant gave this bond:

Know all men by these presents that I, Jacob Hardenbergh, attorney-at-law in the town of Kingston, in the county of Ulster and State of New York, am held and firmly bound unto John Griffiths, sheriff of the county of Ulster, in the sum of $1,000 lawful money of the United States, to be paid unto the said John Griffiths, his executors, administrators or assigns, for which payment well and truly to be made, I bind myself, my heirs, executors and administrators firmly to these presents.

Whereas, the above plaintiff, the Central Bank of Middletown, in the State of Connecticut, did obtain a judgment in the Supreme Court of the State of New York, on the 22d day of November, 1854, against Horace Andrews and Isaac

C. Andrews, for $4,027.70, damages and costs, whereupon execution has been issued, directed and delivered to the said John Griffiths, sheriff as aforesaid, commanding him that of the goods and chattels of the said Horace Andrews and Isaac C. Andrews, he should cause to be made the damages and costs aforesaid ; and whereas, certain goods and chattels that appear to belong to the said defendants, or one of them, have been levied on by the said sheriff for the purpose of selling the same under the said execution : Now, therefore, the condition of this obligation is such, that if the said Central Bank shall well and truly keep and bear harmless and indemnify the said John Griffiths, sheriff as aforesaid, and all and every person and persons aiding and assisting him in the premises, of and from all harm, let and trouble, damages, costs, suits, actions, judgments and executions, that shall or may at any time arise, come, or be brought against him, them or any of them, as well for the levying and making sale under and by virtue of such execution, of all or any goods and chattels which he or they shall or may judge to belong to the said Horace Andrews and Isaac C. Andrews, or for entering any shop, store, building or other premises for the taking of any such goods and chattels, then this obligation to be void, else to remain in full force and virtue.

And thereupon the plaintiff sold the property, and paid the proceeds to the defendant.

Afterward an action was commenced against the sheriff by J. C. Andrews, the owner of the property levied upon, and a judgment recovered against him for the value thereof, with costs, on the ground that the entry at the time the levy was made was unlawful. The defendant acted as attorney for the sheriff in defending the action, and under his advice the action was continued until affirmed in this court; the final judgment amounting to $1,378.18.

After payment and before, the plaintiff called upon the Central Bank, and upon the defendant, to pay said judgment or to repay him the amount thereof, which was refused, and thereupon he brought this action.

At the close of the trial, a verdict was directed for the plaintiff for the amount of the judgment formally recovered against him, with interest from its date. On appeal that judgment was affirmed by the General Term. The defendant again appeals to this court.

*John H. Reynolds*, for appellant, on the question of the validity of the bond, and the applicability of its condition to a previous trespass, cited *Pennington* v. *Townsend* (7 Wend., 276, 280); *St. John* v. *St. John's Church* (15 Barb., 346, 349); *Pepper* v. *Haight* (20 Barb., 429); *Leavitt* v. *Palmer* (3 Comst., 19); *Trustees of Newburgh* v. *Gallet* (4 Cow., 342); *Placket* v. *Gresham* (3 Salk., 75); *Parkhurst* v. *Cortland* (1 John. Ch. R., 273); *Fort* v. *Everett*, (5 Cow., 497); *Tradesman's Bank* v. *Woodward* (Anthon's N. P., 300, 304); 19 Wend., 188, 190; Crocker on Sheriffs, 302, 303; 1 Cow., 46.

*T. R. Westbrook*, for the respondent, cited *Allare* v. *Onland* (2 Johns.' Ca., 52); *Coventry* v. *Barton* (17 Johns., 142); *Stone* v. *Hooker* (9 Cow., 154); *Garvin* v. *Driggs* 1 Cai., 450); *Doty* v. *Wilson* (14 Johns., 378); *Kneeland* v. *Rogers* (2 Hall. Sup. Ct. R., 579); *Burrell* v. *Acker* (23 Wend., 606); *Decker* v. *Judson* (16 N. Y., 439); *Chamberlain* v. *Beller* (18 N. Y., 115).

JAMES, J.   This must be regarded as an action upon the bond set out in the complaint. That pleading contained much irrelevant matter, but as there was no motion to purge it of such matter, if the facts proved on the trial sustain its material averments, and show a cause of action, the judgment may be sustained, at least to the extent of the cause of action proved, notwithstanding such irrelevancy.

The penalty of this bond was $1,000; the condition, that the Central Bank would bear harmless, and indemnify the plaintiff from all damages, costs, &c., that might arise for levying upon and making sale of property taken under and

by virtue of an execution in favor of said bank against Andrews, or for entering any shop, store, building, or other premises in taking such property.

The questions presented by this appeal arise on a motion for a nonsuit, which brings up the whole case, upon the facts as well as the law.

It was first insisted that the complaint should be dismissed, because there was no breach of the bond proven. This objection was predicated upon the fact, that the recovery against the plaintiff was for a trespass in making the levy, committed before the bond was executed, and the act was not covered by it; or if it was, the bond was void. The condition of the bond was to indemnify against damages, costs, &c., that might at any time arise, as well for levying under, and by virtue of the execution described, as for entering any building, or other premises, to make such levy. The recovery against the sheriff was for entering a dwelling and levying on the property of one of the defendants in the execution; and therefore, by its letter, as well as spirit, the indemnity covered the act for which a recovery was had against the sheriff. That such was the defendant's intention, is manifest not only from the bond itself, but also from the circumstances connected with its execution and delivery. In giving construction to this bond, it is proper to look at all the surrounding circumstances; the pre-existing relations between the parties, the facts, and the knowledge which each had of those facts. If nothing appeared in the case outside the bond, it might, with some grace, be claimed that it did not indemnify against tortious acts committed before its execution; but taken in connection with the circumstances surrounding the execution and delivery, considering that the levy was made in the tortious manner it was, by the obligor's direction, who knew the manner of the execution before delivering the bond; that the sheriff refused further to proceed unless indemnified, it is quite certain that the obligor intended the instrument broad enough to cover every act which had been done, or should afterward be legally done, in levying on and selling

the property of the defendants in said execution. (*Blossom* v. *Griffin*, 13 N. Y., 569.) This is not a modification of the contract, but an interpretation of it "by the light of the surrounding facts as they existed at the time of its execution and delivery." The language of the instrument is, "whereas certain goods and chattels, that appear to belong to the said defendants, or one of them, have been levied on by the said sheriff," thus giving color to the subsequent words of the instrument, indemnifying against "the levying as well as against the entering any building or other premises for the taking of such goods." I think a breach of the bond was fully established.

It was next claimed, if the bond contained an indemnity against the trespass in taking the property, it was void. 1st. Because stipulating for an illegal act. 2d. Under the statute, as taken *colore officii*, by a public officer. A bond, given to indemnify against an illegal act to be done, is void; but not so, when given to indemnify against an act already done, and not kown to be illegal at the time. In the latter case the indemnity is valid. (*Stone* v. *Hooker*, 9 Cow., 154.) In this case, it was shown, that the act was supposed to be lawful when done, and when the indemnity was given. Even a party guilty of an illegal act, may take an indemnity against its consequences. (*Doty* v. *Wilson*, 14 John., 379; *Kneeland* v. *Rogers*, 2 Hall, 579.)

Taking a bond of indemnity in a case like this, is no violation of 2 R. S., 286, which prohibits a sheriff, or any other officers, from taking any bond, obligation, or other security, by color of his office, in any other case or manner than such as are provided by law, and declaring every bond, obligation, or security taken otherwise, void. Taking indemnity by a public officer, is not unlawful, because not expressly authorized by statute; a bond, valid at common law, is not avoided by said statute. The words, " color of office," as used in said statute, imply an illegal claim of right or authority to take the security. (*Burrell* v. *Acker*, 23 Wend., 606; *Decker* v. *Judson*, 16 N. Y., 439; *Chamberlain* v. *Beller*, 18 N. Y.,

115.) "'Color of office," is defined by the law dictionaries, as " champerty, an act wrongfully done by an officer, under the pretended authority of his office, and grounded upon corruption, to which the office is a mere shadow of color." There was nothing of that kind in this case.

The charge given to the jury, in this case, cannot be made a ground for *exception*, because at the close of the case, the court directed the verdict rendered. The instructions given previous to such direction, became wholly immaterial. The questions, if any, arise as to the correctness of such direction. The direction was, that the plaintiff was entitled to recover; and to recover the full amount paid by the plaintiff, to wit, $1,374.18, with interest from January 28, 1868. To this direction, I think, there was a sufficient exception.

In my judgment, the defendant was liable upon the bond, and only upon the bond. What took place between the parties in respect to appealing the action against Griffith to the Court of Appeals did not affect the validity of the bond, nor increase the defendant's liability; therefore its admission did no harm.

I think the direction to the jury, as above stated, was erroneous as to the amount. The instrument was one of indemnity against certain acts; it was not strictly a money bond. In general the recovery on such instruments is limited to the penalty; it is otherwise on strictly money bonds. (*Lyon* v. *Clark*, 4 Seld., 148.) The penalty of the bond in this case was $1,000 ; the recovery $1,374.18, exceeding the penalty and the interest thereon, from the date of the recovery against the sheriff to that date.

It was sought to sustain the recovery for the amount directed, on the theory of a verbal promise, subsequent to the bond ; for which there was a special count in the complaint. But, in my judgment, the evidence did not show such a promise. In the most favorable view the evidence could only be said to be conflicting. Taken literally, the testimony of the plaintiff did not show a promise by defendant outside the bond ; and the defendant's testimony was that

he did not intend a promise, but was merely giving advice as counsel. ·At most, it was oath against oath, and as the affirmative was on the plaintiff, he failed to establish a promise. The direction was therefore wrong, as to the amount of damages.

The extent of that error, however, was not very great. Whether or not, the instrument was merely a money bond, interest upon its amount, from the time of the recovery against plaintiff to the time of the trial in this case, might be collected by way of damages. In *Mower* v. *Kip* (6 Paige, 88), it was said " by the common law, the plaintiff in an action on a penal bond is entitled to recover damages for the detention of the debt beyond the amount of the penalty of the bond." See, also, *Smedes* v. *Houghtaling* (3 Caines, 49); *Holdiff* v. *Otway* (7 Tenn., 447); *Francis* v. *Wilson* (Ryan & Moody, 105); *Lyon* v. *Clark* (8 N. Y., 148, 153).

It is not, however, necessary to reverse this judgment and direct a new trial for this error in amount, if the plaintiff be willing to make the proper deduction. The excess of recov· ery was $241.18.

The judgment in this action should be reversed and a new trial ordered, costs to abide the event, unless the plaintiff shall elect to deduct from the amount of damages the sum of $241.18 as of the day the verdict was taken; in which event, the judgment should be affirmed.

But my brethren hold that no such exception was taken as enables the defendant to raise this question of excess of damages. In that view, the judgment should be affirmed.

All concurring, judgment affirmed.