## ALSTON *vs.* CONGER *et al.*

The condition of a bond of indemnity, given to the sheriff, on execution, was, that if the obligors should save, keep harmless and indemnify said sheriff "from all harm, &c., that may at any time arise, as well for levying and making sale, under and by virtue of such execution of all or any goods which he or they may judge to belong to" the judgment debtor, &c., &c. *Held* that the condition was not to save the sheriff harmless from any levy he might *thereafter* make, but from any levy under the execution described. And that condition was broken when the sheriff was left to pay a judgment recovered against him by the owner of the goods.

*Held, also,* that the fact that the levy was made before the bond was given did not affect the question. That a previous levy was equally within the condition of the bond.

Where a surplus of property levied on and not sold by the sheriff, upon the execution, remains in his hands, or has been disposed of by him, title to that property becomes vested in the sheriff upon payment of a judgment recovered against him, therefor, by the owner; and upon payment, by the obligors in a bond of indemnity to the sheriff, of a judgment recovered thereon, against them by the sheriff, they, will be entitled to a proportionate share of such property, or to on account of the preceeds.

It is the duty of the sheriff to levy on property sufficient to satisfy the execution; but it cannot be required of him that he predict, with unfailing accu-

Alston *v.* Conger.

racy, the exact proceeds of a sale at auction. All that can be claimed is that he should act with good judgment, and in good faith for the best interest of his principal, the execution creditor.

APPEAL, by the defendants, from a judgment entered at a special term.

The action was upon a bond of indemnity, executed by the defendants to the plaintiff, as sheriff, upon an execution against property, in his hands for collection.

The sheriff had levied upon property, under the execution, before the bond was given. And an action having been brought against him, for such levy, by a third person—one Muggins—claiming to be the owner of the property, a judgment was recovered therein, against the sheriff. Having paid that judgment, the sheriff brought this action, upon the bond of indemnity, and recovered a judgment, at the special term.

*By the Court,* PRATT, J. The condition of the bond was "that if the above bounden C. W. Conger and C. W. Baker shall well and truly save, keep harmless and indemnify the said Moses Alston from all harm, &c., that may at any time arise, as well for levying and making sale, under and by virtue of such execution, of all or any goods which he or they may judge to belong to said Albert H. Wright, &c., &c."

It is not to save him harmless from any levy he may *thereafter* make, but from any levy under the execution described. That condition was broken when the sheriff was left to pay the judgment recovered against him by the owner of the goods.

The fact that the levy was made before the bond was given does not affect the question. A previous levy is equally within the condition of the bond.

It may be conceded, that the bond will not avail the sheriff for any acts that would be illegal had the property belonged to the judgment debtor. But there is no evidence of any such act. The suit was not for an ex-

cessive levy. It was not brought by the judgment debtor, and the recovery was based on the very fact the bond was required to guard against, the property being owned by Muggins.

Nor was there any proof of an excessive levy. It was the sheriff's duty to levy on property sufficient to pay the execution. To have done less, would have made him liable to the execution creditor. It cannot be made a subject of complaint by the creditor, that some property remains, after satisfaction of the execution.

It cannot be required of a sheriff that he predict with unfailing accuracy the exact proceeds of a sale at auction. All that can be claimed is, that the sheriff should act with good judgment and in good faith, for the best interest of his principal, the execution creditor.

There is no reason to doubt that he so acted in this case. Had the property belonged to the judgment debtor, as there was every reason to suppose, the execution creditor would have had the benefit of the levy. Belonging to a third party, the execution creditor, for whose benefit the risk was taken, must bear the loss.

On the argument it was assumed that the surplus of undisposed of property was still in the sheriff's hands or had been disposed of by him. If so, title to that property became vested in the sheriff upon payment of the judgment recovered against him; and upon payment by defendants of the judgment in this action they will be entitled to a proportionate share of the property, or an account of the proceeds.

Judgment affirmed.

[KINGS GENERAL TERM, February 14, 1870. *J. F. Barnard, Tappen* and *Pratt,* Justices.]