## N. Y. COMMON PLEAS.

BERNARD REILLY, as sheriff, &c., respondent, agt. JAMES A. COLEMAN, impleaded, &c., appellant.

*Sheriff—Bond of indemnity given to, applies to a levy made before the bond was given.*

A bond of indemnity given to the sheriff applies to a levy made before the bond was given; and the defendant, in a suit by the sheriff upon the bond, is charged with the knowledge of the prior levy and sale by the giving of the bond, unless he gives affirmative proof upon the trial of ignorance of those facts.

*General Term, June,* 1881.

*Before* DALY, *C. J.,* VAN BRUNT *and* VAN HOESEN, *JJ.*

THE action was upon a bond of indemnity signed by the defendant and given to the sheriff. The levy and sale under the execution issued upon the judgment mentioned in the instrument was had before the bond was given. Actions were brought against the sheriff for the taking and sale of the property and recovery had.

*E. H. Benn,* for appellant.

*Henry Thompson,* for respondent.

PER CURIAM.—The important question presented is, whether the condition of the bond is broad enough to cover the indemnity awarded by the judgment of the court below. The obligators bound themselves to save the sheriff harmless " of and from all harm, let, trouble, damage, liability, costs, counsel fees, expenses, suits, actions, judgments, attachments, fines, special proceedings and executions that shall or may at any time arise    *    *    *    for or by reason of the levy, taking and making sale, under or by virtue of such execution, of all or any personal property which he or they shall or may judge to belong to the said judgment debtor."    *    *    *

The defendant is charged with the knowledge of the prior levy and sale by the giving of the bond. If he desired to avail himself of ignorance of those facts, he should have given affirmative proof to that effect upon the trial.

In *Griffith* agt. *Hardenburg* (41 *N. Y.*, 464), the court held, in substance, that the condition of the bond covered the prior levy, and a tortious act committed by the sheriff under the defendant's direction. As to the latter it needed proof of the direction to hold the defendant liable, to indemnify, where the recovery was had solely for the tortious entry. That question is not here involved. The case of *Allston* agt. *Conger* (66 *Barb.*, 272), seems in point. The bond was there held to apply, although the levy had been made before it was given. The court says : " It is not to save him harmless from any levy he may thereafter make, but from any levy under the execution described.    *    *    *    The fact that the levy was made before the bond was given does not affect the question. A previous levy is equally within the condition of the bond."

This instrument was given to protect the sheriff against any judgment which might arise from his making sale under the execution mentioned in it. Though the sale had been made before, the judgment was not recovered until after bond was given.

The judgment must be affirmed, with costs.