Davis, P. J.
The appellant Dodge was a deputy sheriff under the respondent. He had given a bond for the faithful discharge of his duties to the sheriff, but one of the sureties in that bond refused to be longer liable upon it and a new bond was required by the sheriff. The bond in suit was subsequently given. It was signed and acknowledged by Dodge and the defendant Sauer on the thirtieth day of January, 1878, and by the defendant Dobelman on the *447 fifth day of February, 1878, at which latter date it was delivered to the sheriff. The date of the bond, as found by the referee, was altered from January 80, 1878, to December 1, 1877, before its signature and delivery.
In December, 1877, an execution was placed in Dodge’s hands as deputy sheriff for collection. He made a levy by virtue of such execution. on certain property supposed to belong to - the defendant in the execution, and sold the same on the seventh of January, 1878. The sheriff was afterward sued for this levy and sale by a third party, who claimed to be the owner of the property, and a recovery was had in the suit against the sheriff, who having paid the same brings this suit on the bond against Dodge and his sureties.
The only question is whether the bond covers the liability.
The well established rule is that such a bond speaks only from its delivery. The delivery is presumptively at its date, but when the time of actual delivery is shown, the date becomes unimportant.
In this case the signing of the bond by Dodge and Sauer took place on the thirtieth of January, 1878, and by Dobleman, the other surety, on the fifth of February afterwards.
The liability for the acts of Dodge under the levy occurred by the sale several weeks before the delivery of the bond in suit. It was not the intention of the sureties to become liable for past transactions, and the language of the bond does not subject them to any such liability.
The rules of law controlling the case are settled in Draper v. Snow (20 N. Y., 331), Weller v. Hersee (10 Hun, 431), Bissell v. Saxton (66 N. Y., 55), Thomson v. McGregor (81 N. Y., 593). The case is not to be confounded with those in which a bond or undertaking has been given to indemnify the sheriff for proceeding with a levy previously made, in which case the surrounding circumstances show the intention to indemnify against a liability previously incurred. Griffiths v. Hardenburgh, 41 N. Y., 464.
The judgment in this case must be reversed and a new trial ordered, with costs to abide the event.
Brady, J„, concurs.