DANIEL H. ZIMMER, Appellant, *v.* DAVID SETTLE et al., Respondents.

*It seems*, articles of separation between a husband and wife in which another joins as trustee, although valid when made, are rendered void by the resumption of the conjugal relation.

The wife of plaintiff, having brought an action against him for limited divorce, for the purpose of settling the action he paid to defendants $400 and received their bond, conditioned that they would support and maintain the wife during life, and would forever save him harmless and exempt from any further liability therefor. At the time of the execution of the bond the wife had left her husband, and was living with defendant D., her father. She subsequently returned to her husband, became a member of his family, obtained clothing upon his credit, for which he was required to and did pay, and he supported her. *Held*, that

an action to enforce the bond was not maintainable, that it having been executed in view of the separation, the obligation was dependent upon its continuance; that when the wife returned to her husband resuming permanently her place as his wife, the cause which led to the contract ceased and the considerations upon which it rested disappeared, and this although the wife returned to her husband's home without his consent; that she had the right so to do and he was bound to receive her.

*It seems* that plaintiff is entitled to reimbursement of the money paid by him.

There was evidence tending to show that the husband and wife had not fully resumed their conjugal relations. *Held*, immaterial; that their reconciliation was apparently complete and defendants had the right to assume it was wholly so.

(Argued October 28, 1890; decided January 14, 1891.)

Appeal from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made November 9, 1886, which affirmed an order of Special Term denying a motion for a new trial.

Upon the trial the court directed a verdict for the defendants.

This action was brought upon a bond executed by the defendants to the plaintiff, dated April 7, 1879.

The bond recited that differences had arisen between Annie M. Zimmer and Daniel H. Zimmer, her husband; that she had brought an action against him for a limited divorce and for her support; that the parties had agreed upon a settlement of it; and that Zimmer had paid to the defendants $400; and containing the condition that if defendants "do well and truly properly support, maintain, clothe, board, furnish with all the necessaries of life in sickness and in health, and tenderly care for the said Annie M. Zimmer during the term of her natural life, and in sickness, furnish her proper medical attendance, and in every way render all such assistance and support as her husband might be under obligations to do, and forever save the said Daniel H. Zimmer entirely harmless and exempt from any further support of the said Annie M. Zimmer, or from annoyance, suits, costs or claims on account of the said Annie M. Zimmer during the term of her natural life; and shall pay

her necessary and proper funeral expenses after death," then the obligation to be void, else to remain in force.

The defendant David Settle is the father, and the other defendants the brothers, of Annie M. Zimmer. In October, 1878, she left her husband and went to her father's house, where she was living at the time the bond was executed in April, 1879; on July 23, 1879, she returned to the house of her husband and was living there at the time this action was commenced in November following. The breach alleged is that the defendants had failed and refused to save the plaintiff harmless from claims and suits on account of his wife, and to take care of her, etc.; and that in consequence of such default, the plaintiff has been compelled to pay certain claims and to provide for and support her. It appeared that after the return of the wife to the plaintiff's house she obtained some clothing for herself upon his credit, for which he was required to and did pay, and that he supported her. A verdict was directed for the defendants.

*C. A. Clark* for appellant. Defendants were under a continuing obligation, and bound when she returned to support her and a refusal to board her and telling her he would not board her and saying he had never received her only as a visitor, shows clearly there had been a violation of the contract contained in the bond, a breach of the contract that rendered defendants liable. (*Hogeboom* v. *Hall*, 24 Wend. 146, 149; *Loomis* v. *Loomis*, 35 Barb. 624; *Shaffer* v. *Lee*, 8 id. 412; *Schell* v. *Plumb*, 55 N. Y. 592, 597.) The answer practically admits the cause of action, taking the bond as it reads, and as it was intended to be drawn by the plaintiff, and was understood by the defendants when executed. (*Paine* v. *Jones*, 75 N. Y. 593; *Nevius* v. *Dunlap*, 33 id. 676; *Moran* v. *McLarty*, 75 id. 25; *Phillips* v. *Gallant*, 62 id. 256; *Whittemore* v. *Farrington*, 76 id. 452; *Mead* v. *W. F. Ins. Co.*, 64 id. 453; Code Civ. Pro. § 1915.) When the contract is silent as to the place where a person is to be supported, and parties obligate themselves to maintain and support such person during the

term of natural life, the contract is not confined to the home of the obligor. (*Loomis* v. *Loomis*, 35 Barb. 624.) The contract was entire and there is no dispute of its total breach if it is to be construed as it reads and was intended by all the parties when made. And there is nothing to construe, there is no question over the meaning of the terms used or over any language in it. (*Shaffer* v. *Lee*, 8 Barb. 412 ; *Schell* v. *Plumb*, 55 N. Y. 592 ; *Wakeman* v. *W. & W. M. Co.*, 101 id. 212 ; *Dresser* v. *Dresser*, 35 Barb. 573 ; *Fish* v. *Folley*, 6 Hill, 54 ; *Republic of Mexico* v. *Ockerhausen*, 37 Hun, 533.) There is no necessity for the interpretation of this instrument to resort to extrinsic facts ; it is not vague or ambiguous ; its terms are clear, plain and explicit. It is its own interpreter. (*Brown* v. *Curtiss*, 2 N. Y. 225–227 ; *Chase* v. *H. Ins. Co.*, 20 id. 55 ; *Dwight* v. *G. L. Ins. Co.*, 103 id. 341 ; *Hoare* v. *Rennie*, 5 H. & N. 19 ; *Jeffries* v. *E. M. L. Ins. Co.*, 89 U. S. 833 ; 22 Wall. 47, 58 ; *Hogeboom* v. *Hall*, 24 Wend. 146, 149 ; *Shaffer* v. *Lee*, 8 Barb. 412, 415 ; *Schell* v. *Plumb*, 55 N. Y. 592.)

*Alexander Cumming* and *R. F. Bieber* for respondents. It is proper to take into consideration, in the interpretation of this bond, the external and surrounding circumstances under which it was made. (1 Greenl. on Ev. § 220 ; *Clark* v. *Woodruff*, 83 N. Y. 522 ; *Griffiths* v. *Hardenburgh*, 41 id. 468 ; *Durant* v. *Allen*, 65 id. 562 ; *White* v. *Hoyt*, 73 id. 505 ; *Talcot* v. *Arnold*, 61 id. 616 ; *Barlow* v. *Scott*, 24 id. 40 ; 52 id. 191 ; 54 id. 18 ; Powell on Cont. 389 ; 1 Black. Comm. 60, § 3.) It has accordingly been established as a general rule applicable to all agreements for separation, that, however absolute or unlimited in the phraseology and terms used they may be, it is a limitation and condition implied by law, in the very nature of such bonds, and by the objects for which they are intended to provide, thus limiting their scope and objects (and hence limiting their interpretation), that the reconciliation and reunion of the husband and wife puts an end to them. (2 Story's Eq. Juris. § 1428 ; *Scholey* v. *Goodman*, 1 C. & P. 36 ; *Earl of Westmeath* v. *Countess of Westmeath*, Jacob,

126, 140; *Bateman* v. *Countess of Ross*, 1 Dow, 235; *Fletcher* v. *Fletcher*, 2 Cox's Cases in Eq. 99, 105; *St. John* v. *St. John*, 17 Ves. 525.) A separation in law is such a separation as deprives the wife of right of support from her husband, if it has no legal excuse on her part, and as subjects a husband to legal liability for necessaries furnished to her by third persons, if such separation has no legal excuse on his part. And it was the sole purpose and scope of this bond to exempt the plaintiffs from responsibilities which the situation, as so defined, had then cast upon him, and from which he then sought to be relieved by the defendants. (*Emmett* v. *Norton*, 8 C. & P. 506; *Hendley* v. *Westmeath*, 6 Barn. & Cr. 200.) By the conditions of this bond the defendants acquitted themselves of their obligation, when they supported and maintained the plaintiff's wife at their several abodes. And if the defendants were entitled to keep and maintain her at their own houses, and not bound to support her elsewhere, the plaintiff has by his own act and interference, in permitting her to remain at his house, prevented the performance of the contract, and so could not maintain an action for the defendants' failure to support her at the plaintiff's house, where they were not bound to provide for her at all. (*Cornell* v. *Cornell*, 96 N. Y. 108.)

BRADLEY, J. The bond when made and delivered became a valid obligation of the defendants, and their defense is dependent upon the circumstances and effect of the return of the wife to her husband's house and home and her continuance there. The evidence did not justify the inference of any breach of the condition of the bond while the wife remained with them and before her return to the plaintiff in July, 1879. By the terms of that instrument the duty assumed by the defendants to provide for the wife and take care of her is not qualified by any circumstances or made subject to any conditions expressed in it. But it may be observed that at the time the contract was entered into she had left her husband and been absent from him six months, and there was then pending her action

against him for a separation and alimony, which could be supported only on the ground of ill-treatment of her by her husband of a serious character. It evidently was then contemplated by the plaintiff and the defendants that the wife would not return to her husband, but would continue to live separated from him, and it was in view of such separation the bond was made and taken. This is also indicated by the recital in it that differences had arisen between the husband and wife, and that she had commenced an action against him for a limited divorce for her support. It may be assumed that the contract resulting in the giving and accepting the bond was entered into in reference to such situation, which is entitled to consideration in the determination of the purpose and effect of the instrument. This does not require any modifications of its provisions, but has relation to the application of the language used to the subject within the contemplation of the parties as represented by the situation then existing and the surrounding circumstances, which it may be assumed they then had in view. (*Griffiths* v. *Hardenbergh*, 41 N. Y. 464; *Blossom* v. *Griffin*, 13 id. 569; *Juilliard* v. *Chaffee*, 92 id. 529.)

The occasion which led to this contract and obligation between the parties was the separation of the wife from her husband, and such was the sole cause for entering into it. It cannot be assumed that there was any purpose to, in that manner, make provision for her care and support as a member of the plaintiff's family. Such an obligation for that purpose evidently was not in the mind of the parties. Nor was it contemplated that she would return to and live with the plaintiff, but, on the contrary, it was understood that the situation then existing in that respect would continue, and in that view the parties acted in contracting for and making the obligation. Any other view seems to be contrary to their apparent purpose and repugnant to reason. The primary duty to take care of and support a wife is with the husband, and it cannot be supposed, unless the circumstances clearly require such conclusion, that he intends, while she is living with him, to deny himself

that right, relieve himself from all responsibility in that respect, and to devolve the performance of that duty wholly upon another. In the present case, the existing separation upon which the contract was founded, justified it at the time it was made. But when the wife returned to the house of her husband to live and lived with him there, resuming permanently her membership of his family as his wife, the cause which led to the contract ceased to exist. Articles of separation between husband and wife in which another joins with her as trustee, although valid when made, are rendered void by resumption by them of their conjugal relation. (*Shelthar* v. *Gregory*, 2 Wend. 422; *Carson* v. *Murray*, 3 Paige, 483.) It is, however, urged that there was in this instance no reconciliation in the sense requisite to annul articles of separation; that, at all events, the court could not properly hold, as matter of law, that it was so, because there was evidence tending to prove that the husband did not consent to her return, and did not receive and fully cohabit with her as his wife. While there is evidence to that effect, it appears that his relations of cohabitancy with her were substantially the same as they were for considerable time before she left his house. There were no articles of separation in this instance, nor had the wife entered into any agreement to that effect with her husband. She was, therefore, without the fault of the husband, or of the defendants, at liberty to seek to make her husband's home hers. The defendants had no right or lawful power to prevent her doing so. And any undertaking on their part to prevent the restoration of conjugal rights or relations of the husband and wife would have been void as against public policy. They, therefore, had no right against her consent to take her away from the plaintiff's house. Her purpose evidently was to remain there, and he permitted her to do so. It is difficult to see how he could properly do otherwise. This view is as favorable to the contention of the plaintiff in that respect as can be taken. As between her and the plaintiff, it was the right of the wife to return to her husband's house and insist that it was her home, and it was his duty to provide for her there, unless by her con-

duct she had forfeited that right. This is not claimed. She was not required to respect any arrangement made between her husband and another party for her provision and care elsewhere. This was one of the contingencies which was not only not provided for by the terms of the contract between the parties, but was not subject to the control of either. And when the resumption of her home with the plaintiff could be considered permanent, a situation would be produced not provided for by the contract or within its contemplation when it was made. The situation would be such that the plaintiff could realize no benefit from the undertaking assumed by defendants, and they would not be required to attempt to induce her to leave her husband and go to their house to receive support, nor would they be justified in seeking to do so without the consent of the husband. The consequence would be that the contract, as represented by the condition of the bond, would cease to be effectually operative for the purposes of the burden or benefit of its performance, for reasons resulting from the default of neither, produced by a cause over which none of the parties to it had any control which they could legally exercise. And that situation, when accomplished, would put an end to the contract and the obligation made pursuant to it, and the plaintiff be entitled to reimbursement of the consideration paid by him. (*Hildreth* v. *Buell,* 18 Barb. 107; *Jones* v. *Judd,* 4 N. Y. 412.) The defendants, after the return of the wife to her husband to remain there, took that view of the matter, and through a third person proposed to the plaintiff to repay to him the $400, and by their answer alleged their readiness to do so. The further performance by the defendants of their obligation within its meaning and purpose, required a separation of the wife from the husband and her removal from his home. This could not effectually be made the subject of contract between these parties, and it would be no less unlawful for them to execute such a purpose without her consent. It would be repugnant to the policy of the law pertaining to the marital relations, rights and duties of husband and wife. And it was

through the exercise of her right that the wife sought and obtained the home of her husband and children and his care and support. Thus the purpose of the defendants' bond seemed to have been defeated.

It is, however, contended on the part of the plaintiff that the duty of the defendants to care for and support the wife and indemnify the plaintiff from expense and liability in that behalf was no less after her return to her husband than while she was living separate from him, unless their reconciliation was, as between themselves, complete, so that they fully resumed their conjugal relations. This proposition is in disregard of the apparent relation and other considerations arising from it. It is, however, not entirely clear what is essential to reconciliation in its application to the present case if it did not exist between the plaintiff and his wife. It does not depend upon any particular degree of reciprocal affection or esteem. As between persons in such relation, it may arise from appreciation and observance by them of their marital duty to each other. The husband and wife in this instance not only resided in the same house, and had done so for nearly six years at the time of the trial, but they, during that time, with their children, ate at the same table; they were friendly and kind to each other, and, with no apparent difference in that respect, occupied separate sleeping rooms, as they had for two years before. The wife was partially blind, and in no condition to do housework, and the evidence tends to prove that she took no charge of it. It would be a step in advance, without support of sound policy, to hold that as between the husband and third persons the rights of the latter could not rest upon his apparent relations with his wife while they are living together.

The husband, while living with his wife, may be treated by third persons as assuming the rights, duties and liabilities incident to the marital relation, and to a reasonable extent her authority to use his credit may be presumed in behalf of those not advised to the contrary. (*Emmett* v. *Norton*, 8 Carr. & P. 506; *Keller* v. *Phillips*, 39 N. Y. 351.) And this is

not confined to actual necessaries for herself, as is the case when the wife is justifiably living apart from him. The credit of the husband used by the wife under such circumstances might create as against him greater liabilities than those with which the defendants would be chargeable upon their undertaking. This is only one reason why the apparent relation between the plaintiff and his wife was not consistent with the performance of their covenant. They were not advised by the plaintiff or otherwise that it was other than it appeared to be by the fact that the plaintiff and his wife were living together; and for the purpose of the question here their apparent, in view of its uninterrupted continuance, must be deemed their actual relation. The situation is different from what it would have been if the wife had left the defendant's house and went to a place other than the house of her husband to live. Then a question would have arisen which requires no consideration here. She, in that case, would have resumed no relation to the plaintiff which would have cast upon him, as between him and the defendants, any duty, apparent or real, to relieve them from the obligation they had assumed, as he did not undertake that she should remain at the house of the defendants.

The view taken renders it unnecessary to consider the consequences of breach by the defendants of their obligation in respect to the rule of damages, and whether they be partial and limited to such as were sustained prior to the commencement of the action, or also prospective and final.

The most that can be claimed by the plaintiff in support of his motion to amend his complaint by inserting allegations with a view to a recovery of the consideration paid to them is that the ruling of the court upon it was discretionary. The disposition of the motion is not, therefore, the subject of consideration on this review. And as the action, as represented by the cause alleged in the complaint, did not proceed with that view, the question whether the plaintiff was entitled to reimbursement from the defendants of the amount paid to them as the consideration of their obligation, or any portion of it, did not arise for determination upon the trial.

These views lead to the conclusion that none of the exceptions were well taken.

The judgment should be affirmed.

All concur except Potter and Vann, JJ., not voting, and Follett, Ch. J., not sitting.

Judgment affirmed.