(24 Misc. Rep. 228.)

## SMITH et al. v. TERRY.

(Supreme Court, Special Term, Queens County, July, 1898.)

TRUST AGREEMENT—TERMINATION.

Where a husband conveys certain land to a trustee, with instructions to devote the income to the support of his wife, from whom he is separated, and reconvey to him after his wife's death, or to his heirs at law if his death should precede that of his wife, and thereafter he and his wife

become reconciled and live together until his death, the agreement of separation and the trust founded thereon cease when the marital relation is resumed.

Action by Anna M. Smith and another against Nelson Terry. Judgment for defendant.

Action of ejectment. By a specialty executed in 1877 by Jacob Story, his wife, Huldah, and James B. Raynor, the husband and wife agreed to live permanently separated because of unhappy differences, and the husband for the purpose of supporting his wife conveyed the land in question to the said Raynor in trust to devote the income thereof to the wife for life, and upon her death to reconvey the same to the said husband, or, if he should die before his said wife, to his "heirs at law." Soon thereafter husband and wife became reconciled and resumed their marital life, which they continued until the husband died in 1888. By his last will he left all of his property to his wife. In 1896 the wife leased the land in question to the defendant for 10 years. Then she died in 1897, leaving by her last will all of her property to the plaintiffs, the only heirs at law of herself and her said husband. Thereafter in 1897 the said trustee, Raynor, executed and delivered a deed of conveyance of the said land to the said heirs in alleged execution of his trust. The said heirs as plaintiffs herein, now claim title through the said deed and priority thereunder over the said lease of their mother to the defendant.

A. N. Weller, for plaintiffs.
Horace Secor, Jr., for defendant.

GAYNOR, J. By the resumption of the marital relation the agreement of separation and the trust founded thereon ceased (Zimmer v. Settle, 124 N. Y. 37, 26 N. E. 341); and ipso facto the estate of the trustee also ceased and the title reverted to the husband (Kip v. Hirsh, 103 N. Y. 565, 9 N. E. 317; Chaplin, Exp. Trusts, § 524). It follows that the wife got title in fee to the land in question by the will of the husband, and that the plaintiffs' title is from her and subject to her lease to the defendant. I do not find that the resumption of the marital relation was upon an agreement that the separation trust should continue, if such a result could be effected by an oral agreement as is claimed.

Judgment for defendant.