MASCOT AMUSEMENT COMPANY, Appellant, *v.* REGAL DRUG COMPANY, Respondent.

First Department, November 3, 1922.

Landlord and tenant — summary proceedings to dispossess — plaintiff was lessee of entire building — sublease of part of building to defendant fixed rent at one-fifth of " total rental paid by the landlord herein to the owners of the property " and one-fifth of taxes, assessments and insurance — defendant's rent was one-fifth of rent of entire building — defendant liable for one-fifth of insurance regardless of liability of plaintiff to its landlord.

The plaintiff was the lessee of a single piece of property described by metes and bounds, for which it was paying one sum as rental. It sublet to the defendant a portion of said property under an agreement providing that the defendant would pay during the term a sum "·equal to one-fifth of the total rental paid by the landlord herein to the owners of the property, and as further rent a like amount of all taxes, assessments and fire insurance premiums paid by the landlord."

*Held*, that the rent to be paid by the defendant was one-fifth of the total rent paid by the plaintiff for the entire building and not one-fifth of so much as might be apportionable to the premises rented by the defendant.

The defendant is liable also for one-fifth of the annual premiums for fire insurance under the lease, and his liability is not dependent upon whether or not the plaintiff is obligated to make such payment to the owners.

APPEAL by the petitioner, Mascot Amusement Company, from a determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 10th day of January, 1922, affirming a final order of the Municipal Court of the City of New York, Borough of Manhattan, Third District, in a summary proceeding.

The proceeding was brought to dispossess the respondent from premises occupied by it for the non-payment of rent, the amount of which the appellant claimed was $2,997.61. The court found that the amount due the landlord was $2,000 and so directed a verdict and the landlord appeals.

*Leopold Friedman* [*Isidor Frey* of counsel], for the appellant.

*Henry A. Friedman* [*Charles L. Hoffman* of counsel], for the respondent.

FINCH, J.:

Appellant leased property of which the demised premises are a part from one Appleby, said property being an irregular plot of land on the southwest corner of Broadway and Sixtieth street, having a frontage of 87 feet 3 inches on Broadway and a depth of 133 feet 2 inches on Sixtieth street, consisting of two build-

ings, to wit, a theatre on Broadway and a little building used for automobiles facing on Sixtieth street, for which appellant paid one sum as rent and having certain privileges of renewal, the second option being for a lease from May 1, 1921, to May 1, 1926. Under this option, the rent was to be five per cent of the value of the whole property including buildings thereon. The respondent was already a sublessee of the plaintiff and sought a renewal approximately two years ahead of the expiration of its then lease. Therefore, the lease in question of the drug store was made to the respondent on the 30th of September, 1919, for the period of five years beginning May 1, 1921. At the time said lease was entered into, appellant had not agreed with its landlord as to the rental for the entire property under the option and it was, therefore, provided in the sublease as follows:

" That the said landlord has let unto the said tenant, and the said tenant has hired from the said landlord the store and basement underneath the same, being the southerly portion of the premises at Broadway and 60th Street, and known as the Circle Theatre. * * *

" *1st.* The tenant shall pay as rental for the said premises during the demised term a sum equal to one-fifth of the total rental paid by the landlord herein to the owners of the property, and as further rent, a like amount of all taxes, assessments and fire insurance premiums paid by the landlord; payment of said rentals to be made in quarterly installments in advance on the first day of May, August, November and February in each year.

" *2nd.* If for any cause the amount of rent to be payable under the terms of the lease between the landlord and the owners of the property shall not be fixed before the commencement of the term herein demised, then and in that event the tenant shall pay to the landlord on account of the rent for the demised term the sum of Two Thousand ($2,000) Dollars per quarter commencing on the first day of May, 1921, and an adjustment shall be had between the parties hereto, as soon as the said rental has been definitely determined."

The learned trial court found that the respondent was not required to pay one-fifth of the rent, taxes, etc., payable by the appellant under his lease from the owner, but only one-fifth of so much as was apportionable to the premises constituting the Circle Theatre property, and that no apportionment of rent having been made, under the provisions of the lease, $2,000 should be paid on account of rent. In so doing there was error. Irrespective of any oral testimony by way of admissions, to which objection was taken, as varying the terms of the written lease, it seems clear that

the terms of the lease provide just what rental the respondent shall pay, namely, " one-fifth of the total rental paid by the landlord herein to the owners of the property." There was one single piece of property described by metes and bounds then leased by the plaintiff from the owners, for which the plaintiff was paying one sum as rental. Anything less than one-fifth of the sum would not be a sum equal to one-fifth of the total rental paid by the plaintiff to the owners of the property, which is the rental provided for in the lease, and not a sum to be arrived at after an apportionment. It is proper to show the circumstances surrounding the execution of the lease. (*Griffiths* v. *Hardenbergh*, 41 N. Y. 464, 468.) The situation of the parties thus was in harmony with the express words of the lease and required a direction by the court in favor of the appellant.

The respondent also contends that it is not liable for one-fifth of the annual premiums for fire insurance but the sublease expressly provides for this payment and it is not made dependent upon whether or not the plaintiff is obligated to make such payment to the owners. The amount of such payment sufficiently appears in the record.

It follows that the determination of the Appellate Term should be reversed, with costs in this court and in the Appellate Term, and the final order of the Municipal Court modified so as to determine the rent due to the landlord to be $2,972.62, and as so modified affirmed. Appellant, due to an error in computation, claimed that the amount should be $2,997.62, but is on'y entitled to $2,972.62.

CLARKE, P. J., SMITH, MERRELL and GREENBAUM, JJ., concur.

Determination and order reversed, with costs to the appellant in this court and in the Appellate Term, and judgment directed in favor of the plaintiff for $2,972.62, with costs.