Michael A. Telesca, J.
This is a proceeding to determine the validity of a right of election filed by the testator’s wife pursuant to EPTL 5-1.1.
The representatives of the estate contend that the wife is barred under EPTL 5-1.2 (subd [a], par [4]) by reason of the existence of a final decree of separation against the wife. The decedent and Mildred Granchelli were married in the City of Rochester on May 16, 1945. During 1954, Mildred Granchelli commenced an action for separation against the decedent, who in turn interposed a counterclaim for separation on the grounds of abandonment. After a trial, and on April 12, 1954, the Honorable G. Robert Witmer dismissed the wife’s complaint and granted a decree of separation to the husband on the ground of abandonment. Thereafter, about October, 1955, Mildred Granchelli and the decedent reconciled and lived together until on or about December 31, 1961. During 1961, and while they were residing as husband and wife, Mildred Granchelli commenced a proceeding in Supreme Court, Monroe County, for an order revoking the aforesaid judgment of separation pursuant to the then section 1165 of the Civil Practice Act on the grounds that the parties had reconciled and that the marital relationship had resumed. The decedent appeared on the application and filed his affidavit in opposition.
On November 21, 1961, Justice Witmer denied Mildred Granchelli’s application on the grounds that a joint application of the parties must be made in order for the decree of separation to be set aside. (Granchelli v Granchelli, 31 Misc 2d 838.)
In the decision denying Mrs. Granchelli’s application, Judge Witmer stated, inter alla, "Plaintiff contends that by reason of such reconciliation and resumption of marital life the judgment of separation has become void, and that she is entitled on this motion to have it revoked and declared null and void” (Granchelli v Granchelli, supra, p 838).
Thereafter, and in January, 1962, Mildred Granchelli left her residence, owned by the decedent, and later that year commenced an action for separation. The complaint was dismissed on the grounds of an existing decree of separation. The *105 decedent remained separate and apart from Mildred Granchelli thereafter and until his death in January of 1976.
Mildred Granchelli claims that the prohibition contained in EPTL 5-1.2 (subd [a], par [4]) is rendered inapplicable by virtue of the reconciliation which took place from 1955 through 1961.
The wife argues that an artificial and unjustified distinction exists as to the effect of reconciliation subsequent to a separation decree as opposed to a separation agreement. As to the former, it is clear that the law holds that the existence of a decree would bar her right to elect, whereas, as to the latter, it would not. This unevenness of effect, she claims, denies her equal protection under the law and thus, insofar that it does, she claims EPTL 5-1.2 (subd [a], par [4]) to be unconstitutional.
Generally, a reconciliation, resumption of cohabitation and marital relations, accompanied by an intent to abandon a separation agreement renders the agreement void. (Zimmer v Settle, 124 NY 37; Zimtbaum v Zimtbaum, 246 App Div 778, affd 272 NY 416). What is required is "such a resumption of the marital relation as to indicate an intention to abandon the agreement of separation”. (Brody v Brody, 190 App Div 806, 807.)
The theory upon which a separation agreement may be terminated by the reconciliation of the parties appears to be based on the principle that: "[t]he consideration for an agreement of separation fails, and the contract is avoided when separation does not take place; or where, after it has taken place, the parties are reconciled and cohabitation resumed” (Galusha v Galusha, 116 NY 635, 643).
The legal effect of a reconciliation between a husband and wife after executing a separation agreement is to return the parties to the position they were in, insofar as their mutual obligations are concerned, prior to executing the agreement (Dudley v Fifth Ave. Trust Co., 115 App Div 396).
Thus, parties may alter or void, by their conduct, a legal relationship, which they created by their conduct in the first instance.
The petitioner, however, seeks to overturn or nullify the effect of a Supreme Court judgment of separation in her late husband’s favor against her on the ground of abandonment on the basis of the conduct of the parties, i.e. a reconciliation. It is clear that such a separation judgment can only be revoked *106 as provided in section 203 of the Domestic Relations Law or overturned on appeal. The former was attempted without success but the latter was never pursued by petitioner.
Generally speaking, a court of equity should not entertain an action to vacate a prior judgment where an adequate legal remedy exists. Furthermore, equity may not retry the same issues determined previously by a court of competent jurisdiction (see 20 NY Jur Rev, Equity, §§ 134, 146, 147).
The statutory language barring a right of election has remained substantially the same since the passage of subdivision 3 of section 18 of the Decedent Estate Law in 1929 (L 1929, ch 229). An anomaly existed under the earlier statute, for while a spouse against whom a decree or judgment of separation has been rendered was barred from claiming an elective share under section 18 of the Decedent Estate Law, he or she was not deprived of an intestate share under section 87 of the Decedent Estate Law unless the decree or judgment of separation was grounded upon abandonment. This inconsistency was given extensive consideration by C. C. McGrath and E. L. Fingar in Report No. 1.14B, Fourth Report of the Commission on the Law of Estates (NY Legis Doc, 1965, No. 19) and included in the report was the effect of a reconciliation upon a separation decree. That report indicates that there were no New York cases upholding a right of election on the part of a spouse against whom a decree of separation had been rendered. (Fourth Report of Commission on Law of Estates, supra, p 284). The report cited Beeber v Beeber, 225 App Div 757 as authority for the principle that the only method of terminating a decree of separation is by a court order after a joint application of the parties, accompanied with satisfactory evidence of their reconciliation. (Domestic Relations Law, § 203, formerly Civ Prac Act, § 1165). That report concluded by stating "[i]t would therefore appear to be preferable not to cover specifically in the statute the subject of reconciliation as between husband and wife especially since * * * the decisions to date appear to have been sound and a statutory pronouncement of the subject might tend to complicate the matter.” (Fourth Report of Commission on Law of Estates, supra, p 285.)
The Legislature apparently concurred when enacting chapter 245 of the Laws of 1965 in which the provisions of sections 18 and 87 of the Decedent Estate Law were unified under section 50 of the Decedent Estate Law, thus barring a spouse *107 against whom a decree of separation was rendered from inheriting an intestate share as well as from taking an election.
Nevertheless, Mrs. Granchelli further contends that even if EPTL 5-1.2 (subd [a], par [4]) constitutes a bar to her taking an elective share, she is entitled to inherit because that section, together with section 203 of the Domestic Relations Law are unconstitutional under applicable provisions of the Federal and State Constitutions as impairing the obligations of contract, depriving her of property without due process of law and denying her the equal protection of the law as well. There is no merit to this contention. As stated by Justice Jackson in Irving Trust Co. v Day (314 US 556, 562, affg sub nom. Matter of McGlone, 284 NY 527) "Rights of succession to the property of a deceased, whether by will or by intestacy, are of statutory creation, and the dead hand rules succession only by sufferance. Nothing in the Federal Constitution forbids the legislature of a state to limit, condition, or even abolish the power of testamentary disposition over property within its jurisdiction.” (See, also, Matter of Becker, 47 Misc 2d 443.)
Moreover, there is testimony showing that even before 1960 Mrs. Granchelli knew and was upset that the reconciliation did not nullify or modify the decree of separation rendered against her. Subsequent to 1960, she commenced proceedings to set aside the decree, each time to no avail. She had ample opportunity to question the constitutionality of section 203 or its predecessor, section 1165 of the Civil Practice Act.
Under the circumstances presented here, including the lengthy period of living separate and apart (from 1962 to Jan. of 1976) and the lack of authority for revoking or otherwise terminating the decree of separation, the claim of the surviving spouse to an elective share is denied.