OPINION OF THE COURT
Kevin C. Fogarty, J.
In this supplementary proceeding petitioner seeks collection of arrears in payment of the order of September 17, 1973, which totaled $12,915 as of February 25, 1981.
On September 17,1973, the Family Court of the State of New York, Queens County, entered an order of support against respondent in the sum of $35 per week, commencing on September 20, 1973. The order remains outstanding.
Respondent testified before the court on May 7, 1981 that he and petitioner reconciled and cohabitated for a number of months in 1974, after which they separated again.
This court, after the hearing on May 7,1981, granted the application of petitioner’s attorney to submit a memorandum of law on the question of whether or not the reconciliation of husband and wife rescinds an order of support so as to nullify a supplementary proceeding for arrears.
Petitioner’s memorandum states that section 203 of the Domestic Relations Law applies by analogy to support proceedings under the Family Court Act. Section 203 of the *851 Domestic Relations Law provides: “Upon the joint application of the parties, accompanied with satisfactory evidence of their reconciliation, a judgment for a separation, forever, or for a limited period, rendered as prescribed in this article, may be revoked at any time by the court which rendered it, subject to such regulations and restrictions as the court thinks fit to impose.” Petitioner cites cases in which there was a judgment for separation made along with a support decree. In the principle case of Gewirtz v Gewirtz (189 App Div 483, 485), the court held: “It is the settled law of this State that the only method by which a decree of separation can be revoked is that prescribed by [statute] and the only method by which the provision therein for alimony may be annuled is that set forth [by statute] and in each instance it can only be done by the court.”
It is respondent’s contention that section 203 of the Domestic Relations Law is inapplicable to this proceeding in that section 203 of the Domestic Relations Act deals primarily with a judgment of separation and not with support provisions. Respondent further contends that the support decree was not part of a separation judgment, therefore the reconciliation of the parties rescinds the support order.
The question before this court is whether the reconciliation of husband and wife separated by an agreement between the two parties rescinds an order of support.
In the principle case cited by petitioner, Gewirtz v Gewirtz (supra), the focus of the court is on the judgment of separation and the inability of one to rescind a judgment of separation by his or her acts. The court states that if one cannot rescind a judgment of separation one also may not rescind an order of support made as part of that judgment. This is distinguishable from the proceeding where an order of support was made exclusive of a judgment of separation, although the parties had themselves agreed to separate.
In Granchelli v Granchelli (31 Misc 2d 838) and Matter of Granchelli (90 Misc 2d 103), the court recognized that parties may rescind an agreement to separate without a judgment by the court.
*852 In Brown v Brown (21 NYS2d 325), there was a support order, but there was no judgment of separation. The court held that the resumption of a marital relationship after a breach between the parties constitutes condonation, and therefore rescinds the order of support.
Although the support provisions of a decree of separation may be attenuated by a reconciliation the separation decree remains effective until judicial revocation or joint application of the parties. (Matter of Falanga, 29 AD2d 169, affd 23 NY2d 860.)
It should follow that if an agreement to separate may be rescinded without a judgment by the court the order of support which is dependent upon the separation agreement is also rescinded.
The parties herein rescinded their agreement to separate and resumed cohabitation. The necessity of a support order abated upon their reconciliation, the respondent resuming his “natural” duty to support his child. When the parties again parted, it became the obligation of the petitioner to file a new petition for support.
This court finds section 203 of the Domestic Relations Law is inapplicable to this proceeding and that the support order abated upon the reconciliation and cohabitation of the parties herein. The ex parte order of Judge Moskoff is void for reasons stated above. The questions of laches and denial of visitation need not be reached. The supplementary proceeding for arrears is dismissed.