In the Matter of the Judicial Settlement of the Account of PAUL R. ATKINSON, Appellant, Respondent, as Administrator, etc., of ELBRIDGE C. ATKINSON, Deceased.

MAURICE B. ATKINSON, as Administrator, etc., and ROSE S. MARSTON and Others, Respondents, Appellants.

Second Department, June 11, 1920.

Executors and administrators — accounting of administrator — testimony of administrator as to personal transactions with decedent inadmissible under section 829 of Code of Civil Procedure, although allowed in prior proceeding to remove him — when provisions of said section not waived by cross-examination of administrator regarding personal transactions with decedent.

Although in a prior proceeding for the removal of an administrator upon the ground that he was concealing assets of the estate, he had been allowed to testify to personal transactions with the decedent, in a subsequent proceeding for the settlement of his accounts as administrator he should not be allowed to testify to such transactions with the decedent for the purpose of establishing a gift to him of said assets, although in the second proceeding it has been stipulated in order to avoid the retaking of testimony that the record in the prior proceeding may be offered in evidence in the accounting subject to objections

Cross-examination of the administrator in the proceeding to remove him, regarding personal transactions with the decedent, did not waive the provisions of section 829 of the Code of Civil Procedure, which may be asserted in the subsequent proceeding for an accounting.

CROSS-APPEALS by Paul R. Atkinson and by Maurice B. Atkinson, as administrator, and others, from a decree of the Surrogate's Court of the county of Kings, entered in the office of said court on the 20th day of October, 1919.

*Frank E. Johnson, Jr.* [*Meier Steinbrink* and *Hunter L. Delatour* with him on the brief], for the appellant Paul R. Atkinson.

*Frank W. Burr*, for the appellant Maurice B. Atkinson, administrator.

*Robert Strange* [*Frank Clayton Myers* with him on the brief], for the appellants Mary J. Waterman and Grace A. Spencer.

KELLY, J.:

Prior to this accounting proceeding, an application was made by the respondent Maurice B. Atkinson, administrator, to former Surrogate KETCHAM, for the removal of Paul R. Atkinson, his coadministrator, upon the ground that he was concealing assets of the decedent, with the result that a decree was made denying the application, but directing the administrator Paul to file his account with a petition for settlement. The account was thereupon filed and citation issued to the next of kin, who filed objections which were substantially the same as those presented upon the application for removal. To avoid the retaking of the testimony in that proceeding, the parties stipulated that the record and exhibits in the removal proceeding might be offered in evidence in the present accounting proceeding with the same force and effect as if originally offered therein, subject, however, to any objections now appearing in the record or agreed upon by counsel and inserted in the original record, all such objections to be considered as objections taken in the accounting proceeding. The proceedings resulting in the decree now appealed from are, therefore, the previous record before former Surrogate KETCHAM, with certain additional objections to evidence noted. This was presented to Surrogate WINGATE, who made the decree now

before this court for review. In passing upon the objections he excluded all evidence of the accounting administrator as to personal transactions with the decedent upon objections made by the next of kin under the Code of Civil Procedure, section 829. It appears that this evidence, now excluded, was admitted on the hearing of the original application for removal, over the objection of the opposing party in that proceeding, the coadministrator, the surrogate holding that the event was the question whether or not the administrator Paul should retain his office, and that he was not testifying in his own behalf and interest against the estate of the decedent. The evidence having been declared competent, the coadministrator Maurice, one of the objecting parties in the second proceeding now before this court, cross-examined his brother Paul before Surrogate KETCHAM to some extent regarding the personal transactions so allowed. It is claimed here that such cross-examination prevents the respondent's next of kin from interposing the objection under section 829, because, it is said, the door to such evidence has been opened by such cross-examination. But the surrogate held, in effect, that in this accounting proceeding Paul R. Atkinson, as a witness in his own behalf and interest, was barred by the provisions of section 829 of the Code from testifying to personal transactions and conversations with the decedent, in the effort to prove that certain securities claimed as his own were given to him by the decedent in his lifetime.

There was evidence in this proceeding, uncontradicted, that the securities in question were in fact purchased with the money of the decedent, and that while the appellant Paul had them in his possession, the dividends on the stock and the interest on the bonds were paid to the decedent, and as to the interest coupons detached from eight bonds in possession of Paul and deposited for collection by him every six months, he stated in the declaration required by the Federal income tax authorities, that the decedent was the owner of three-eighths interest in the coupons, i. •e., the coupons coming from three of the bonds, which are the three bonds surcharged against the appellant by the decree. There was other evidence of declarations by the appellant that the decedent was in fact the owner of ,the securities. The decedent was a brother of

Paul and Maurice and a half brother of the other respondents. On the question of the admissibility of Paul's evidence on this accounting, we have the fact that Maurice, as coadministrator, and the three sisters are seeking to recover these securities for the estate. Paul concedes that the money which purchased the securities was the money of his deceased brother. The fact of the payment of dividends and interest to the decedent to the date of his death is not in dispute, and the declarations of Paul as to his brother's ownership on the income tax deposit slips are produced before the court. Paul seeks to establish a gift *inter vivos*, by his own testimony that the decedent gave the securities to him. Whatever may have been his *status* before Surrogate KETCHAM in the original proceeding, it would appear that he is now asserting a claim adverse to the estate, and seeks to support it by his own evidence as to personal transactions with the deceased. This he cannot do under the prohibition in section 829 of the Code. The cross-examination of Paul before Surrogate KETCHAM, necessitated by the allowance of such evidence in that proceeding, cannot be availed of as removing the bar, under the stipulation of the parties, where a clear case for its rejection is made out. This evidence being excluded, there was no issue as to the ownership of the securities with which the appellant has been surcharged. Maurice Atkinson and his sisters appealed from the surrogate's decree in so far as it granted an allowance of counsel fees to the administrator Paul in the removal proceeding, but this appeal was abandoned and was not argued before this court. It is, therefore, dismissed, without costs.

The decree of the Surrogate's Court of Kings county, so far as appealed from, should be affirmed, with one bill of costs to respondents Maurice Atkinson, administrator, Rose S. Marston, Mary J. Waterman and Grace A. Spencer, to be paid from the estate.

JENKS, P. J., RICH, PUTNAM and JAYCOX, JJ., concur.

Decree of the Surrogate's Court of Kings county, in so far as appealed from, affirmed, with one bill of costs to respondents Maurice B. Atkinson, administrator, Rose S. Marston,

Mary J. Waterman and Grace A. Spencer, to be paid from the estate. The appeal of Maurice B. Atkinson, Rose S. Marston, Mary J. Waterman and Grace A. Spencer having been abandoned and not argued in this court, is dismissed, without costs.