In the Matter of the Accounting of Louis Sills, as Trustee under the Will of Max Danziger, Deceased.

Surrogate's Court, New York County, September 9, 1955.

*Louis Sills,* trustee in person, and as executor of Virginia Danziger, deceased cotrustee under the will of Max Danziger, deceased, petitioner.

*Mudge, Stern, Williams & Tucker* for Maybelle Marx, individually and as executrix of Virginia Danziger, deceased, respondent.

*Irving Levine* for Burrill B. Crohn, as executor of Virginia Danziger, deceased, respondent.

*Schlossberg & Siegel* for Ruth L. Finlay, as administratrix of the estate of Doris Badt, deceased, respondent.

*David S. Elkins* for Edith Kamrass, respondent.

*Charles Ress* for Ilse D. Simonhoff, respondent.

*Brower & Spector* for Molly Blendowsky, respondent.

*Joseph G. Weiner* for Mary Furstenberg, respondent.

*Martin Friedman* for Erich Cohn, as attorney in fact for Mary Furstenberg, respondent.

*Gerald Blumberg* for Harry H. Greene, respondent.

*Carl Turk* for Arnold Diamond, respondent.

*Jacob Greenwald* for Ben B. Lifflander and another, individually and as executors of Gordon S. P. Kleeberg, deceased, and another, respondents.

*Harkavy, Tell & Mendelson* for Ann Tell and another, respondents.

*Martin D. Eile,* respondent in person, and for Henrietta Samuels, respondent.

*Werner Rosenberg* for Adolph Rosenthal, respondent.

*Reilly & Curry* for Erhard Stern, respondent.

*Ilo Orleans,* special guardian for Michael Feist and others, infants, respondents.

Collins, S. The question at issue as between these parties to the pending accounting proceeding involves the validity and effect of an assignment of an interest in the estate made by Ilse Simonhoff to Gordon S. P. Kleeberg on November 15, 1938. The matter was heard before a law assistant of this court assigned for the purpose pursuant to the provisions of subdivision 9 of section 32 of the Surrogate's Court Act to take and report the testimony to the Surrogate. Questions as to the admissibility in evidence of documents received at the hearing and as to the materiality of testimony and the competency of witnesses, reserved for determination by the Surrogate, will be considered at this time and rulings made in respect thereof.

The assignment provided so far as here material as follows: " Ilse Stern (nee Danziger) * * * does hereby grant, sell, assign, transfer, convey and release to the said Assignee (i.e., Gordon S. P. Kleeberg), the prior, full and entire right, title and interest to the extent of the whole of any and all distribution, legacy, devise, bequest or any other claim, whatsoever it or they may be, which she now has or will have or to which she is or will be entitled to now or hereafter, as a legitimate and lawful heir and issue of her grandfather, Siegfried Danziger * * * said share being equal to 1/108th of the principal of the trust fund established by the said Twentieth paragraph of said will."

Because of the sequence of the deaths of other persons interested in the estate, the share of the principal to which the assignor has become entitled on this accounting amounts to 1/48th rather than 1/108th of the total. It is the contention of the successors in interest of the assignee that the assignment carried with it a transfer of the assignor's entire interest in the fund whatever that interest ultimately proved to be. The assignor, on the other hand, insists that the assignment must be read as being limited to the conveyance of a 1/108th share of the principal on the theory that that was the fraction contemplated by the parties at the time the transaction was negotiated.

The account shows that the value of a 1/108th interest in the estate determined with reference to the circumstances obtaining at the time the assignment was made was something under $8,000. The consideration for the assignment amounted to $2,800. At the present time the value of a 1/48th interest in the principal of the trust would amount to approximately $16,500.

Each of the parties offered in evidence certain documents as aids in the interpretation of the agreement. It was at first agreed that the construction of the contract involved only a question of law and that there was no such ambiguity present as would entitle the court to resort to other documents in the search for its purpose. The parties later altered their positions in this connection and each made tenders of proof by documentation supported by material which was received in evidence subject to the motions to strike out which are now before the court for determination. The documents, described as falling within various categories of evidence not subject to the operation of the parol evidence rule, include the assignor's tender of an affidavit made by her for the purpose of inducing the assignee to consummate the transaction and the affidavit filed by the assignee in this court in accordance with the provisions of rules 23 and 24 of the New York County Surrogate's Court Rules. Her adversary has countered with a subsequent assignment of the assignor's interest in the estate together with a series of handwritten notes said to have been made by the assignee at the time the loan was completed.

The court has reached the conclusion that the affidavit of the assignor and the affidavit under rule 23 and 24 must be received in evidence for the reason that they are integrated writings constituting the complete agreement of the parties as well as being expressions upon the part of the assignor and of the assignee of precisely what they understood to be the subject of their negotiations (Restatement, Contracts, § 228). In the affidavit under rule 23 the assignee, describing the circumstances under which the assignment had been made, stated no fewer than four times that the interest which he had acquired under the agreement " amounts to 1/108th of the corpus held in trust." The assignor in the affidavit which she made " in order to induce Gordon S. Kleeberg to accept assignment of my said claim " described the nature of her interest in the following terms: " Accordingly if I survive the life tenant Virginia Danziger I would receive 2/864ths plus 1/144th or 1/108th of the principal of the trust fund under the Twentieth paragraph of the will."

These expressions of interpretation by both of the parties require the court to hold them to the bargain which they made for the assignment of a 1/108th interest in the principal of the fund. " Practical construction by uniform and unquestioned acts from the outset, especially when continued for a long period of time, is entitled to great, if not controlling weight, for it shows how the parties who made the contract understood it. If they do not know what they meant, who can know? Such a construction is presumed to be right, because it was made by the parties themselves when under the influence of conflicting interests. This is true whether the construction is by contemporaries or their successors, for it is self-interest that makes the construction valuable and safe." (*Carthage Tissue Paper Mills* v. *Village of Carthage,* 200 N. Y. 1, 14, VANN, J.; see, also, *Insurance Co.* v. *Dutcher,* 95 U. S. 269, 272; *Brooklyn Public Library* v. *City of New York,* 250 N. Y. 495; Restatement, Contracts, § 235, subds. [c], [d], [e].)

The application of another aid in the interpretation of contracts supplies an additional reason for confining the agreement to the transfer of a 1/108th interest despite the fact that that interest was increased as a result of the passage of subsequent events. The court refers to the principal of interpretation set forth in subdivision (c) of section 236 of the Restatement of Contracts in the following terms: " Where there is an inconsistency between general provisions and specific provisions, the specific provisions ordinarily qualify the meaning of the general provisions." In this agreement, the assignor stating that she was assigning all of her interest in the trust then went on to describe it specifically as a 1/108th interest. This was accepted by the assignee and as a consequence it must be deemed the understanding of both of the parties. (*National Mechanics' Banking Assn.* v. *Conkling,* 90 N. Y. 116.)

The court in reaching the conclusion stated has accepted the testimony of the attorney for the assignor as not being barred under the provisions of section 353 of the Civil Practice Act, the motion to strike that testimony being denied. (*Rediker* v. *Warfield,* 11 F. R. D. 125.) In addition, the court holds that Mr. Greenwald was not disqualified from testifying under the provisions of section 347 of the Civil Practice Act. (*Matter of Atkinson,* 192 App. Div. 426.) Further, the court denies the motion to strike out the pencilled notes in which the assignee described the interest he was receiving as " 2800 Whole Kit Kaboudal ". Neither the testimony of these witnesses nor the documents which were introduced seriously affect the fact that the assignee, as he

repeatedly stated, understood that he was acquiring a 1/108th interest in the principal. This is not intended to reflect upon the credibility of the witnesses in any way but a reading of the record confirms the court in the conviction previously stated.

The assignor was shown to have executed a subsequent assignment of an interest in the estate running in favor of one Arnold Diamond. In an affidavit which she delivered to Mr. Diamond at that time she stated: " That except for the aforementioned assignments (referring to assignments to Cyril W. Mayer) executed by me, no person, firm or corporation has any right or claim in or to my said remainder interest from the aforementioned trust fund other than myself." This affidavit was offered in evidence by the objectant assignee in support of his contention that the assignor was either guilty of a misstatement or did not understand the nature of her agreements. It should be noted that whichever of the contentions is accepted as accurate, neither destroys the validity of the assignment in suit. It should be noted too that the assignor is entitled to interests in this estate which derive from a source wholly separate from the paragraph Twentieth trust. This was conceded by the parties and further reference need not be made to it except as a possible explanation of the meaning of the words contained in the affidavit just described. The motion to strike this affidavit however, is denied.

The court for the reasons stated holds that the assignee and his successors in interest are entitled to a 1/108th share of the principal of the trust established under article Twentieth of the will. The decree to be entered in the accounting proceeding settling the account of the trustee will contain appropriate directions and provisions to that effect. Proceed accordingly.